482

440 A.2d 568

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Richard HENRY.**

Superior Court of Pennsylvania.

Submitted Jan. 27, 1981.

Filed Jan. 19, 1982.

William H. Platt, District Attorney, Allentown, for Commonwealth, appellant.

W. Hamlin Neely, Allentown, for appellee.

Before CAVANAUGH, JOHNSON and LIPEZ, JJ.

JOHNSON, Judge:

The Commonwealth appeals from the order of February 25, 1980, that discharged Appellee because his Rule 1100 rights[1] had been violated. For the following reasons, we reverse and remand.

The complaint in the instant case was filed on April 5, 1979; but trial was not scheduled to commence until January 22, 1980—a period of 292 days. Unless 112 days could be excluded under Rule 1100(d),[2] Appellee's Rule 1100 rights

1. Pa.R.Crim.P., Rule 1100(a)(2), 42 Pa.C.S.A., states:

> Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

2. Rule 1100(d) states:

were clearly violated since trial was not commenced within 180 days after the complaint was filed.

█ The trial judge held that two periods were excludable under Rule 1100(d). On May 17, 1979, a magistrate's hearing was continued until June 30, 1979, to enable Appellee to obtain counsel. The trial court held that only 14 days of this 44-day period were excludable under Rule 1100(d)(2). Since Appellee was financially capable of retaining counsel, this entire 44-day period is excludable under Rule 1100(d)(1). *See Commonwealth v. Millhouse*, 470 Pa. 512, 517–518, 368 A.2d 1273, 1276 (1977); *Commonwealth v. Smith*, 262 Pa.Super.Ct. 258, 263–264, 396 A.2d 744, 746 (1978). On June 30, 1979, the magistrate's hearing was again continued at the request of Appellee's counsel, whose vacation extended from June 26, 1979, until mid-July. The issue in this case involves the trial court's interpretation of the circumstances surrounding this second period of excludable time. We proceed to consider this issue.

On June 19, 1979, defense counsel wrote to the magistrate, informing him that the prosecutor had agreed to continue the hearing that had been scheduled to commence before the magistrate on June 30, 1979. The following portion of defense counsel's letter is relevant to our discussion:

> Since I am going on vacation commencing June 26, 1979 and will not return until mid-July, it appears that the hearing cannot be scheduled until sometime during the month of August. I explained this to Attorney Hudak, [assistant prosecutor] who is agreeable to this chronology.

> In the meantime, you should note that the continuance was brought about upon my request and that I will waive the applicability of the Pennsylvania Rule of Criminal Procedure 1100 to the extent that the Rule relates to the

In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
  (1) the unavailability of the defendant or his attorney;
  (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded.

computation of any period of delay brought about by the subject continuance. You will also note that a copy of this correspondence is being forwarded to Attorney Hudak.

The trial judge calculated that the period from June 30, 1979, until August 31, 1979, was excludable because of the foregoing letter. This second period consisted of 62 days. The lower court found that, together with the first excludable period of 14 days, a total of 76 days was excludable under Rule 1100(d). Since trial was not scheduled to commence until 112 days after the Rule 1100 run date, and since only 76 days were excludable under the lower court's interpretation, the court held that Appellee's Rule 1100 rights had been violated.

At the hearing on February 25, 1980, concerning Appellee's Application to Discharge under Rule 1100, the assistant prosecutor (Hudak) referred to his telephone conversation with defense counsel on June 18, 1979. Hudak testified that the aforesaid telephone conversation left him with the conviction that Rule 1100 would never be raised by defense counsel. The trial court held that the letter of June 19, 1979, had precedence over the telephone conversation of the same date. Because the parties could not agree concerning the content of the telephone conversation, the issue involves a determination of credibility. Since a determination of credibility is solely within the purview of the trier of fact, we accept the lower court's decision regarding the aforesaid letter. *See Reed v. Universal C.I.T. Credit Corp.*, 434 Pa. 212, 217, 253 A.2d 101, 104 (1969).

Since the aforesaid letter waived Rule 1100 only "to the extent that the Rule relates to the computation of any period of delay brought about by the subject continuance," the court held that Appellee had not waived Rule 1100 indefinitely.

At the hearing, the trial judge referred to a third period—from September 13, 1979, until October 9, 1979—as excludable time. The record does not establish why this

period of twenty-six days, during which the preliminary hearing was continued, would constitute excludable time. The lower court's opinion does not refer to the aforesaid period, and Appellant's brief merely states that this period may be excludable because of "some agreement or stipulation at the hearing before the Lower Court. . . ." Careful scrutiny of the record does not indicate why the aforesaid period would constitute excludable time.

Trial in the instant case would have been timely commenced under Rule 1100 if 112 days could be excluded. The two periods of 44 days and 62 days, respectively, constitute a total of 106 days of excludable time. Thus the third period of 26 days is crucial in a decision of whether or not Appellee's Rule 1100 rights were violated.

For the foregoing reasons, we reverse the order of February 25, 1980, and remand for an evidentiary hearing to determine whether or not, by some agreement, stipulation, or unusual circumstances, the period from September 13, 1979, until October 9, 1979, constituted excludable time.

Jurisdiction is not retained by this Court.