462 A.2d 216

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Charles R. KEASLEY.**

Supreme Court of Pennsylvania.

Submitted April 19, 1983.

Decided July 8, 1983.

Eric B. Henson, Deputy Dist. Atty., Gaele McLaughlin Barthold, Philadelphia, for appellant.

462

Darryl A. Irwin, Philadelphia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

ROBERTS, Chief Justice.

The sole issue presented on this appeal is the admissibility of an inculpatory statement given to police by appellee Charles Keasley within an hour of his arrest. Appellee was taken by police to be preliminarily arraigned just over two and one-half hours after his arrest, but because of the unavailability of an arraignment judge was not in fact arraigned until twelve hours after his arrest. A panel of the Superior Court, 301 Pa.Super. 597, 447 A.2d 639, agreed with the Court of Common Pleas of Philadelphia that the prompt-arraignment requirement of *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977), had not been met and thus concluded that appellee's statement should be suppressed. This Court granted the Commonwealth's petition for allowance of appeal.

As the record is clear that the delay in appellee's arraignment was caused by exigent circumstances and that the police made diligent efforts to secure appellee's prompt arraignment in the face of these circumstances, we reverse the order of the Superior Court affirming the order of the court of common pleas and remand the record for trial.

Appellee was arrested pursuant to a warrant on December 17, 1978, at 6:20 p.m., charged with rape, simple assault, and indecent assault, and taken to the headquarters of the West Philadelphia Detective Division for questioning. By 7:30 p.m. that same evening, appellee had been advised of his rights and had completed and signed the inculpatory statement at issue. All interrogation ceased, and appellee was placed in a detention room where he remained until 9:00 p.m. while the processing of papers relating to his arrest was completed.

At 9:00 p.m., just over two and one-half hours after arrest, police took appellee to the "CCTV Room" located at 55th and Pine Streets, where suspects are brought before an arraignment judge in another area of the City by way of closed-circuit television. See generally *Commonwealth v. Terebieniec,* 268 Pa.Super. 511, 408 A.2d 1120 (1979). The arraignment judge scheduled to be on duty was, in fact, not present when appellee arrived at the CCTV Room. The judge's clerk had suffered a heart attack at approximately 8:15 p.m. that evening, and the judge had left the arraignment room to accompany him to the hospital. Efforts by police to secure the presence of the arraignment judge scheduled to be on duty as well as another arraignment judge were unsuccessful, and appellee was not arraigned until 6:25 a.m. that morning, after the judge scheduled to be on duty at 8:00 a.m. came on duty early at police request. No interrogation of appellee occurred during the period of delay occasioned by efforts to locate an arraignment judge.

In *Commonwealth v. Jenkins,* 500 Pa. 144, 454 A.2d 1004 (1982), this Court held that the prompt-arraignment rule of *Commonwealth v. Davenport,* supra, had been complied with where the police released a defendant within six hours of his arrest because of the unavailability of a judicial officer to conduct a preliminary arraignment and then rearrested the defendant the following day and secured a prompt arraignment. In so holding, we observed that if the police had continued to detain the defendant beyond the six-hour limit without any interrogation while they attempted to secure a judicial officer, the case would have fallen "within the exigent circumstances dispensation . . . assuming the Commonwealth's ability to establish its diligent effort in seeking a timely arraignment." 500 Pa. at 151, 454 A.2d at 1007. On this record, the Commonwealth has shown that the police diligently sought to locate an arraignment judge and to secure appellee's prompt arraignment both before and after it became apparent that the six-hour limit could not be met. Accordingly, the order of the Superior Court must be reversed.

Order of the Superior Court reversed and record remanded for trial.

McDERMOTT, J., files a concurring opinion.

McDERMOTT, Justice, concurring.

I agree with the result reached by the majority. Any departure from a rigid application of the six-hour rule of *Davenport*[1] is a step in the right direction. However, to the extent that our judicial inquiry continues to be focused on the time of arraignment, rather than on the integrity of statements, that focus remains misdirected. This Court should remove its focus from six hours, or what does or does not comprise a permissible exception, or what circumstance is sufficiently exigent; the inquiry should instead center on whether an incriminating statement was obtained coercively. The *Davenport* rule severely undermines the truth-determining process, and results in the exclusion of constitutionally permissible statements. Since involuntary and coerced statements, and statements obtained in derogation of the rule of *Miranda*[2] are inadmissible in any case, only those who have given constitutionally sound statements stand to reap any benefit from rigid, prophylactic exclusionary rules pertaining to pre-arraignment delay.

I reiterate the thoughts expressed in *Commonwealth v. Jenkins,* 500 Pa. 144, 454 A.2d 1004 (1982) and *Commonwealth v. Bennett,* 498 Pa. 656, 450 A.2d 970 (1982):

Although I agree with the result reached by the majority today, I write separately to delineate my position to this Court's continued reliance on *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977).

I repeat the view of the six hour rule as stated in *Commonwealth v. Bennett,* 498 Pa. 656, 450 A.2d 970 (1982) (McDermott, J., concurring).

**1.** *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977).

**2.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

A prophylactic rule, such as the six hour rule, is a classic of technicality. Classic because it applies to all circumstances, no matter what distinctions of justice may inhere in the facts of a given case. 498 Pa. at 660, 450 A.2d 970 at 972.

We must therefore discard *Davenport* and return to a more flexible approach. This will enable our courts to suppress statements where they were obtained through coercion rather than watch the clocks and count the hours. *Jenkins, supra,* 500 Pa. at 152, 454 A.2d at 1008.