469 A.2d 1042

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Lloyd L. MANLEY, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 24, 1983.

Decided Dec. 30, 1983.

Ernest D. Preate, Jr., Dist. Atty., for appellant.

Arthur L. Gutkin, King of Prussia, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

On February 15, 1978, a complaint was filed against appellee Lloyd L. Manley, charing him with burglary, robbery, recklessly endangering other persons and theft by unlawful taking. The charges arose out of the January 10, 1978 hold-up of tavern owners Anthony and Leo Boyarsky. During the hold-up, the victims were beaten, threatened at gunpoint and bound, and $41,000 was taken. Mr. Manley was convicted by a jury and sentenced to a term of imprisonment of ten to twenty years on the robbery charge. On appeal, a three judge panel of Superior Court, 282 Pa.Super. 376, 422 A.2d 1340, discharged appellee on the ground he was not tried within 180 days of the complaint as provided by Pa.R.Crim.P. 1100. We granted the Commonwealth's petition for allowance of appeal, and, for the following reasons, we reverse.

As noted *supra*, the complaint was filed on February 15, 1978. Thus, the last day to commence trial within the period of Rule 1100 was August 14, 1978. When the case was called to trial on May 30, 1978, appellee appeared without counsel, stating that he had previously been repre-

sented by privately retained counsel at his preliminary hearing; however, as he had not paid his counsel's fees, appellee was now unrepresented. After questioning appellee, the court continued the case and advised appellee to seek representation by the Public Defender immediately. As it appeared appellee would not be prepared to proceed to trial during the same term of court, thus delaying trial of the case until the next term of court which commenced in September, on June 1, 1978, the Commonwealth filed a petition for an extension of time under Rule 1100. A Rule to Show Cause, returnable June 9, was attached to the petition and a hearing on the petition was scheduled for June 14. The petition was served on appellee's formerly retained counsel, on appellee and on the Public Defender, but no answer was filed and no one appeared at the hearing or opposed the petition in any manner. No action was taken on the petition by the court at that time. On September 1, 1978, the Public Defender entered his appearance on appellee's behalf. Appellee filed a counselled petition for dismissal pursuant to Rule 1100, which was denied by the trial court.[1] Trial commenced December 1, 1978.

The issue presented is whether any part of the delay in bringing appellee to trial can be attributed to the unavailability of appellee or his counsel, and, thus, excluded from the computation of the 180 day period under Rule 1100(a)(2). Rule 1100(d)(1), in effect at the time, provided: "In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from the unavailability of the defendant or his attorney."

▆ In *Commonwealth v. Millhouse*, 470 Pa. 512, 368 A.2d 1273 (1977), we held that a defendant who had not waived his right to counsel and who, although financially capable of retaining counsel, appeared uncounselled for

---

1. The tortuous history of the Rule 1100 proceedings below are set forth in the opinion of the Superior Court at *Commonwealth v. Manley*, 282 Pa.Super. at 380–81, 422 A.2d at 1342. This complicated history is not detailed herein as it is not germane to our resolution of the issue presented.

proceedings in connection with his case was unavailable for trial within the meaning of Pa.R.Crim.P. 1100(d)(1). We further held that those periods of delay in the proceedings which were caused by the accused's failure to obtain counsel were excludable from the computation of the 180 day period in which the accused was required to be brought to trial. See, also, *Commonwealth v. Bussey*, 486 Pa. 221, 404 A.2d 1309 (1979) (plurality opinion). Although *Millhouse* is not controlling here,[2] as, instantly, the problem arose out of Mr. Manley's asserted financial *inability* to retain counsel, *Millhouse* is sufficiently analogous to lend support for our now holding that where, as here, an accused appears for a court proceeding without counsel and without waiving his right to counsel, the period of delay caused thereby is excludable from the computation of time for commencing trial under Rule 1100 on the ground that the accused is obviously unavailable for trial.

■ When the instant case was called to trial on May 30, there was a courtroom available and the Commonwealth was prepared to proceed. The only reason trial did not commence on that date was Mr. Manley's having failed to secure legal counsel, whether privately or publicly funded. The trial court advised Mr. Manley of the gravity of the charges against him and of the necessity of legal representation, both during the conduct of the trial and during the pendency of the trial to aid in posting bail. Mr. Manley did not waive his right to counsel, and the court requested that Mr. Manley be escorted to the Public Defender's Office immediately following the proceedings in order to determine whether he qualified financially for the services of the Public Defender. The record does not disclose the time when Mr. Manley actually contacted the Public Defender; but at some point the Public Defender was contacted as he did in fact enter an appearance on Mr. Manley's behalf more than three months later, on September 1. Mr. Man-

2. We expressly withheld comment on the issue of unavailability when the defendant is indigent and qualified for the Public Defender, *Commonwealth v. Millhouse, supra,* 470 Pa. at 517 n. 4, 368 A.2d at 1276 n. 4.

ley's failure to obtain counsel on his behalf was the direct cause of the delay in the proceedings which resulted on May 30, and the period of time from May 30 to August 31, a period of 94 days, is attributable to Mr. Manley's unavailability, and, thus, excludable from computation of the 180 day period within which the Commonwealth was required to bring Mr. Manley to trial. Appellee may not use the delay which he caused to avoid the consequences of a timely trial on the merits.

Without discussing any of the extensions granted upon Commonwealth petitions pursuant to Rule 1100, we conclude the 94-day delay occasioned by Mr. Manley's unavailability extended the time for trial to Monday, December 4, 1978. The trial which commenced on December 1, 1978 was within the period prescribed by Rule 1100, and appellee is not entitled to a discharge.[3]

Reversed.

ZAPPALA, J., files a dissenting opinion, in which ROBERTS, C.J., joins.

ZAPPALA, Justice, dissenting.

The majority of this Court has once again embarked upon a path of abandoning one of our own rules of court. Rule 1100 was promulgated to insure to the accused his Sixth Amendment rights of a speedy trial. Without digressing into a discussion of the abuse from which this right evolved, it suffices to say that this Court adopted Rule 1100 as a means of alleviating a subjective approach to the problem of a speedy trial. In the Rule itself, we provided not only safeguards to the accused, but the means by which the Commonwealth can proceed when such delays are caused by the accused. These exceptions are embodied in Section

---

**3.** Due to our resolution of the foregoing issue, we need not discuss the propriety or effect of the court's grant of the Commonwealth's June 1 petition for extension of time on September 27, except to note what appears to be dilatory attention to these matters does not comport with the importance of assuring those accused of crimes the speedy trial guaranteed them by our Federal and State Constitutions and protected by Rule 1100.

(d) of the Rule and are limited to those instances in which the delay is caused either by the failure of the accused or his attorney to appear at the trial, or by the accused petitioning the court for a continuance.

Contrary to what the majority states today, *Commonwealth v. Millhouse*, 470 Pa. 512, 368 A.2d 1273 (1977), is quite distinguishable from this appeal. In *Millhouse*, the defendant undertook a course of numerous delays calculated to stall the judicial process. In so doing, *the defendant did actually delay* the judicial proceedings, which is the critical factor in evaluating a speedy trial claim. We stated in *Millhouse*:

"The actual 'period of delay' at any stage of the proceedings attributable to the 'unavailability of the defendant or his attorney' is an automatic exclusion from the time limits of either Pa.R.Crim.P. 1100(a)(1)—270-day rule or (a)(3)—180-day rule (citation omitted)."

*Millhouse*, 470 Pa. at 517, 368 A.2d at 1276.

Furthermore, we stated:

"We are of the opinion that a defendant who has not waived his right to counsel is 'unavailable' when that defendant appears for proceedings in connection with his case without defense counsel and such defendant is financially capable of retaining counsel. If the 'unavailability' results in an actual delay in the proceedings, that delay is automatically excluded..."

*Millhouse*, 470 Pa. at 517, 368 A.2d at 1276.

In *Millhouse*, we did not exclude the entire period for which the defendant was unrepresented by trial counsel, but only that period during which the trial would have proceeded but for the defendant's dilatory tactics. Mr. Justice Nix in his dissent in *Commonwealth v. Bussey*, 486 Pa. 221, 233, 404 A.2d 1309, 1316 (1979), correctly characterized the essence of *Millhouse*, "... the defendant purposefully abused the judicial system by causing a four-month delay through his dilatory efforts to retain private counsel." Appearing at trial without counsel even though financially capable of doing so is not *per se* unavailable if the defendant refuses

to waive his right to be represented by an attorney. *Millhouse* requires that the unavailability results in actual delay. Today, this Court appears to be adopting such a *per se* rule notwithstanding that *Millhouse* required actual delay.[1]

This record clearly establishes that the Appellee undertook no action to delay judicial proceedings. In fact, he is a victim of judicial delay. While it is true that the Appellee failed to be represented by an attorney on May 30, it is also true that the Commonwealth had approximately 2½ months to commence the trial. The majority finds support for its decision in the fact that the Appellee failed to respond or appear at a hearing to show cause why the Commonwealth's petition for extension should not be granted. Not only did the court fail to enter an order on this petition, the court also failed to enter an order requiring the Appellee to appear at the June 14 hearing on the Commonwealth's motion. Without such an order, the Appellee could not appear at the hearing as he was incarcerated, having been unable to secure bond for his release. Therefore, it is unfair and unjust to punish the Appellee for failing to appear on that date.

Notwithstanding the Commonwealth's failure to pursue this trial, it is evidently clear, at least to this member of the Court, that the real injustice lies with the lower court. To refuse to hold a routine criminal docket matter during the summer months when it is apparent that it would alleviate situations such as this is appalling.

It is inherently unfair to hold an accused responsible for a delay which he did not cause. There is no indication on the record that the Commonwealth intended to pursue a criminal trial during the summer months, nor does the record indicate that the court ever attempted to set a trial for the Appellee during the summer months. The record is notice-

---

**1.** I find it rather inconsistent that this Court is adopting a *per se* rule in this instance after having recently overruled the *per se* interested adult rule in *Commonwealth v. Christmas*, 502 Pa. 218, 465 A.2d 989 (1983), and the six hour arraignment rule in *Commonwealth v. Keasley*, 501 Pa. 461, 462 A.2d 216 (1983).

ably void of any evidence demonstrating to what extent the docket of the Court of Common Pleas was filled. Since it is incumbent upon the Commonwealth to justify the reasons for delay in proceeding and the Commonwealth has failed to sustain the burden, I would affirm the order of the Superior Court and discharge the Appellee.

ROBERTS, C.J., joins in this dissenting opinion.