475 A.2d 840

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Scott CASPER.**

Superior Court of Pennsylvania.

Argued Oct. 12, 1983.

Filed May 11, 1984.

Gaele M. Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Barry H. Oxenburg, Philadelphia, for appellee.

Before SPAETH, President Judge, and POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

The Commonwealth contends that the lower court erred in dismissing the charges against appellee pursuant to Pa.R.Crim.P. 1100(f). We agree that the Commonwealth's petition to extend was timely filed and, accordingly, reverse the lower court's dismissal and remand for a hearing on the Commonwealth's extension petition.

Appellee was arrested and charged with burglary, criminal trespass and criminal conspiracy on May 22, 1981, resulting in a Rule 1100 rundate of November 18, 1981.

Appellee's May 27 preliminary hearing was continued until June 26, because appellee failed to appear with counsel. On June 26, because appellee again appeared without counsel, bail was revoked and the case was listed for August 14. On August 14, an appearance was entered on appellee's behalf by Peter Levin, private counsel retained by appellee's mother. Bail was reinstated; however, the preliminary hearing was once again continued until September 9 because of the unavailability of the complaining witness. The preliminary hearing was held on September 9, at which time appellee was bound over for trial. At the September 23 arraignment, appellee was determined to be eligible for court-appointed counsel and trial was set for November 25. On November 24, however, eight days after the Rule 1100 rundate, the Commonwealth petitioned for an extension under Rule 1100(c) claiming 79 days of excludable time pursuant to appellee's failure to retain counsel from May 27 to June 26 and from June 26 to August 14. Subsequent to appellee's filing a motion to dismiss pursuant to Rule 1100(f) and a hearing on the two petitions, the lower court denied the Commonwealth's petition to extend as untimely and granted appellee's motion for dismissal.[1] Upon the Commonwealth's petition for reconsideration, the lower court vacated its order and entered a rule to show cause why the Commonwealth's petition for reconsideration should not be granted. After a hearing, the court reinstated its order dismissing appellee. This appeal followed.

The Commonwealth alleges that its petition to extend was timely filed because the period from May 27 through June 26 was excludable pursuant to Rule 1100(d)(1).[2] We agree.

1. Appellee appeared before several judges in the course of the proceedings below. References to the lower court are to the actions and decision of Judge Cain, who dismissed the charges.

2. The Commonwealth originally contended that the period from June 26 to August 14 should be excluded as well. During the hearing on the Commonwealth's petition for reconsideration, however, the District Attorney stated that because the period from May 27 to June 26 was excludable, the "[Commonwealth] didn't need June 26th to August 14th of 81 days, so I am really not arguing those."

Pa.R.Crim.P. 1100(d)(1), in effect at the time of appellee's arrest, provided:

> (d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
>
>> (1) the *unavailability* of the defendant or his attorney;
>> . . .

(Emphasis added). "Where ... an accused appears for a court proceeding without counsel and without waiving his right to counsel, the period of delay caused thereby is excludable from the computation of time for commencing trial under Rule 1100 on the ground that the accused is obviously unavailable for trial." *Commonwealth v. Manley*, 503 Pa. 482 at 485, 469 A.2d 1042 at 1044 (1983). In an earlier case, *Commonwealth v. Millhouse*, 470 Pa. 512, 368 A.2d 1273 (1977), the Supreme Court found that a criminal defendant who had not waived his right to counsel is deemed " 'unavailable' when that defendant appears for proceedings in connection with his case without defense counsel and such defendant is financially capable of retaining counsel." *Id.*, 470 Pa. at 517, 368 A.2d at 1276. *See also Commonwealth v. Bussey*, 486 Pa. 221, 404 A.2d 1309 (1979) (defendant attended preliminary hearing without counsel, did not waive right, and noted desire to obtain private counsel; delay therefore excludable); *Commonwealth v. Henry*, 294 Pa. Superior Ct. 482, 440 A.2d 568 (1982) (44-day period excluded because appellee capable of affording counsel). The *Manley* Court concluded that although *Millhouse* was not controlling because the defendant in *Millhouse* was financially able to retain counsel and Manley could not afford private counsel, *Millhouse* was "sufficiently analogous to lend support for" the per se rule stated above. *Commonwealth v. Manley, supra,* 503 Pa. at 485, 469 A.2d at 1044. The Court therefore ruled that although the lower court had directed Manley to the Public Defender, he was deemed unavailable for Rule 1100 purposes when he failed to obtain representation.

In the instant case, appellee neither waived his right to counsel nor was represented by counsel at the May 27 and

June 26 preliminary hearings. Although we agree with appellee's assertion of his financial inability to retain private counsel, under *Manley* we are compelled to find him "unavailable" within the meaning of Pa.R.Crim.P. 1100(d)(1). Accordingly, because the period from May 27, 1981 through and including June 26, 1981, must be excluded from Rule 1100 calculations, the rundate was effectively well past November 24, 1981, the date upon which the Commonwealth filed its extension petition.

Therefore, we reverse the lower court's order and remand for a hearing on the Commonwealth's petition for a Rule 1100 extension.

Reversed and remanded. Jurisdiction is not retained.

SPAETH, President Judge, files a concurring opinion.

SPAETH, President Judge, concurring:

*Manley*, I believe, holds that an accused is "unavailable" when he "appears for a court proceeding without counsel and without waiving his right to counsel...." *Id.*, 503 Pa. at 485, 469 A.2d at 1044. Therefore, when appellant appeared on May 27 at his preliminary hearing without counsel, he was "unavailable". *Manley* also holds that "the period of delay caused thereby [appearance without counsel] is excludable from the computation of time for commencing trial under Rule 1100 on the ground that the accused is obviously unavailable for trial." *Id.* In *Manley* the Court excluded the period of time from the day that the accused appeared without counsel until the day before the day that counsel entered an appearance for the accused. Therefore, here we should exclude the period of time from May 27, when appellant appeared at his preliminary hearing without counsel, until August 13, the day before counsel entered an appearance on appellant's behalf. This period is excludable because appellant's unavailability caused a delay in the proceedings. Pa.R.Crim.P. 1100 (d)(3)(i). *See, Commonwealth v. Bussey*, 486 Pa. 221, 404 A.2d 1309 (1979) (plurality opinion) (automatically exclude period of delay in preliminary proceedings resulting from defendant's appearance without counsel), *Commonwealth v. Millhouse*, 470

Pa. 512, 368 A.2d 1273 (1977) (same). *Cf. Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977) (uncounseled accused who requested continuance prior to scheduled proceeding not "unavailable"). I therefore agree with the majority that the Commonwealth's petition to extend filed on November 24, 1981, was timely. *But see, Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979), where the Court stated:

[A]ny occurrences between the filing of the complaint and the commencement of the trial which did not affect the time in which the trial was commenced, is [*sic*] beyond the purview of the Rule and therefore not properly considered as a "delay in the proceedings" within the terms of section (d) of the Rule. "Delay in the proceedings" as used in the Rule requires an actual frustration in the commencement of trial. A postponement of an arraignment which does not in any way prolong the time for the commencement of trial is irrelevant to the question of a speedy trial and is therefore not in fact to be considered in determining the application of Rule 1100 in a given case.

*Id.*, 484 Pa. at 123, 398 A.2d at 975.

I admit that I am uncertain how to reconcile this statement with the decisions in *Millhouse* and *Bussey* (which were cited in *Manley*, though *Morgan* was not).