411 A.2d 802

**Paul J. KLUG and Joseph A. Chopick, Individually and t/a Empire Arcades and Homes Amusements, Appellants,**

v.

**Trooper Gerald J. GAZEY, Pennsylvania State Police.**

Superior Court of Pennsylvania.

Argued June 20, 1979.

Filed Oct. 12, 1979.

Thomas E. Mack, Wilkes-Barre, for appellants.

446

Joseph P. Giovannini, Jr., Assistant District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA, JJ.*

CATANIA, Judge:

This appeal is from an order entered on September 25, 1978 in the Court of Common Pleas of Luzerne County, authorizing the destruction of certain slot machines that had been seized pursuant to 18 Pa.C.S.A. § 5513(b).[1] Appellants, owners of the machines, are seeking a reversal of that order and a remand to the lower court to determine whether the machines qualify for the protection of the Act of July 1, 1978, P.L. 572, No. 103, § 1, 18 Pa.C.S.A. § 5513(c).

On April 17, 1975, the appellee and another state police trooper seized the slot machines in question. Criminal complaints were issued against the owners shortly thereafter, but the charges were dismissed at the preliminary hearing. Subsequently, the owners filed an application for return of the machines. After a hearing, the lower court ordered the return of some machines and the destruction of certain other machines that were determined to be gambling devices in violation of 18 Pa.C.S.A. § 5513(a).[2] The owners appealed

---

* President Judge Francis J. Catania of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

1. 18 Pa.C.S.A. § 5513(b) provides as follows: "(b) Confiscation of gambling devices.—Any gambling devise possessed or used in violation of the provisions of subsection (a) of this section shall be seized and forfeited to the Commonwealth. All provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of intoxicating liquor shall apply to seizures and forfeitures under the provisions of this section."

2. 18 Pa.C.S.A. § 5513(a), the Pennsylvania gambling prohibition statute, states in pertinent part: "(a) Offense denied.—A person is guilty of a misdemeanor of the first degree if he: (1) intentionally or knowingly makes, assembles, sets up, maintains, sells, lends, leases, gives away, or offers for sale, loan, lease, or gift, any punch board, drawing card, slot machine or any device to be used for gambling purposes, except playing cards . . ."

the order to this Court, and we affirmed at that time.[3] On August 30, 1977, the lower court issued an order pursuant to § 5513(b), authorizing the state police to destroy the machines that had been specified as gambling devices.

On July 1, 1978, the Governor signed Act 103 into law, to become effective on July 31, 1978. This Act amended 18 Pa.C.S.A. § 5513 by adding the following subsection:

(c) Antique slot machines.—(1) A slot machine shall be established as an antique slot machine if the defendant shows by a preponderance of the evidence that it was manufactured prior to 1941 and that it was not used or attempted to be used for any unlawful purposes. Notwithstanding subsection (b), no antique slot machine seized from any defendant shall be destroyed or otherwise altered until the defendant is given an opportunity to establish that the slot machine is an antique slot machine. After a final court determination that the slot machine is an antique slot machine, the slot machine shall be returned pursuant to the provisions of law providing for the return of property; otherwise, the slot machine shall be destroyed.

(2) It is the purpose of this subsection to protect the collection and restoration of antique slot machines not presently utilized for gambling purposes.

Since the scheduled destruction of the machines was imminent, the owners filed a petition requesting that the trial court stay the scheduled destruction and issue a rule to show cause why the stay should not be made permanent and the items should not be returned to the owner. On July 18, 1978, upon consideration of this petition, the court ordered the stay and issued the rule to show cause, pending a hearing on the applicability of the new subsection. How-

---

**3.** After the hearing on July 14, 1975, the Honorable Bernard J. Podcasy ordered some machines destroyed and others returned, with a determination to be made later on another group of machines. On May 24, 1976, Judge Podcasy issued an amended order specifying the machines to be returned and destroyed. By a *per curiam* decision, this Court affirmed these orders. (No. 1838 October Term, 1975).

ever, on August 3, 1978, the court ruled that the new subsection was inapplicable and discharged the rule to show cause. The owners have appealed the order entered on September 25, 1978, in which the lower court refused to change its previous order of August 30, 1977 authorizing the destruction of the slot machines.

The issue facing this Court is whether the owners of slot machines ordered destroyed by an Order of Court issued on August 30, 1977 may now avail themselves of the protection offered by a statute that did not become law until July 31, 1978.

■ The Commonwealth correctly points out in its brief that statutes may not be construed to be retroactive unless clearly and manifestly so intended by the General Assembly, 1 Pa.C.S.A. § 1926, and that new provisions of a statute shall be construed as effective only from the date when they become effective. 1 Pa.C.S.A. § 1953.

However, to construe statutes correctly, the courts must begin with this basic rule: "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921. The legislative intent in the amendment to § 5513 cannot be doubted, since paragraph two of the new subsection clearly states that the purpose is "to protect the collection and restoration of antique slot machines not presently utilized for gambling purposes." Any ambiguity as to the application of this amendment must be resolved in favor of the express legislative intent. The fact that these machines are under order of destruction does not render the new subsection inapplicable. The devices in question here fall directly under the amendment's express language. If they are determined to be "antiques", they cannot be destroyed and must be returned; if they are not antiques, they may be destroyed. To construe otherwise would frustrate the purpose of the statute.

Were we to apply rules of construction cited by the Commonwealth, we would also have to apply 1 Pa.C.S.A. § 1901: "In the construction of the statutes of this Commonwealth, the rules set forth in this chapter shall be observed, unless the application of such rules would result in a construction inconsistent with the manifest intent of the General Assembly." As we have noted, the General Assembly clearly intends to protect antique slot machines with the new subsection.

■ Furthermore, our construction of the amendment does not involve a retroactive application. Had the machines been destroyed prior to the effective date of the new provision, the appellants probably would not be appearing before us. Once subsection (c) became effective, the states legislative intent dictated that it should protect the collection and restoration of antique slot machines not being used for gambling. Had the General Assembly intended to exclude machines already under an order of destruction from the protection of § 5513(c), it could have stated this. "(A)n act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events which occurred prior to that date." *Burger v. Unemployment Compensation Board of Review,* 169 Pa.Super. 89, 94, 77 A.2d 737, 739 (1951). See also: *City of Philadelphia v. Phillips,* 179 Pa.Super. 87, 116 A.2d 243 (1955); *Hirsch v. Bunker Hill Mutual Insurance Company,* 8 D & C 2d 259, affirmed *per curiam* 389 Pa. 92, 132 A.2d 212 (1957).

Therefore, the order of the Court of Common Pleas of Luzerne County entered on September 25, 1978 is vacated and the case is remanded for further proceedings in accordance with 19 Pa.C.S.A. § 5513(c).