515 A.2d 969

**COMMONWEALTH of Pennsylvania**

v.

**Charles R. BOMBOY, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 11, 1986.

Filed Oct. 1, 1986.

266

Michael T. Hudock, Public Defender, Mifflinburg, for appellant.

Graham C. Showalter, Lewisburg, for appellee.

Before TAMILIA, JOHNSON and HESTER, JJ.

HESTER, Judge:

Appellant appeals from the judgment of sentence entered upon his conviction of writing fourteen bad checks. He challenges the trial court's finding that the Commonwealth exercised due diligence in searching for him while he eluded arrest, justifying an extension of his trial date under Pa.R. Crim.P. 1100. He also challenges the court's interpretation of Rule 1100(c) which allowed the Commonwealth to file a petition for extension more than 180 days after the complaints were issued. We are persuaded that the painstaking analysis of President Judge James F. McClure, Jr., is correct, and affirm.

Complaints were issued against appellant on November 23, 1981, for writing bad checks. He was arrested on May 7, 1982, 165 days later. On June 1, 1982, 190 days following issuance of the complaints, the Commonwealth filed a petition for extension of time under Rule 1100 due to appellant's unavailability between November 23, 1981, and May 7, 1982. A hearing was held on the contested petition and the trial court held that the petition for extension was timely under Rule 1100(c), and the Commonwealth exercised due diligence in apprehending appellant, thereby justifying an extension of the Rule 1100 run-date. Following conviction, sentencing and post-trial proceedings, appellant continues to press his Rule 1100 arguments.

It is clear that the Commonwealth proved due diligence in its efforts to apprehend appellant between December 4, 1981, and May 7, 1982. The Commonwealth's efforts are well-documented in the record and in the Rule 1925 opinion of President Judge McClure. Appellant, assisted by his wife, willfully and repeatedly eluded the constable who attempted to serve a summons upon him. On numerous occasions, the constable sought appellant at his house, "staked out" the residence, questioned relatives and neighbors, looked for appellant's car, questioned merchants and bankers, and enlisted the aid of other law enforcement authorities, including the state police, who finally arrested appellant, hiding in a closet. These efforts suffice to estab-

lish that the Commonwealth exercised due diligence in attempting to apprehend appellant. *Commonwealth v. Cottman,* 327 Pa.Super. 453, 458, 476 A.2d 40, 42–43 (1984); *Commonwealth v. Winn,* 327 Pa.Super. 296, 475 A.2d 805 (1984); *Commonwealth v. Dorsey,* 294 Pa.Super. 584, 440 A.2d 619 (1982).

The more difficult issue is whether the Commonwealth may file a Rule 1100 petition for extension more than 180 days after issuance of a complaint, when the basis for the extension is the unavailability of the defendant. Rule 1100(c)(1) provides: *"At any time prior to the expiration of the period for commencement of trial,* the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial." (Emphasis added). Appellant argues that the emphasized portion of the rule, as interpreted by the Pennsylvania Supreme Court in *Commonwealth v. Morgan,* 484 Pa. 117, 398 A.2d 972 (1979), makes the June 1, 1982 petition untimely, requiring his discharge. *Morgan* stated that:

> However, a request for an extension under section (c) must be made to the court prior to the expiration of the prescribed period under the Rule. Thus, even if this record might have met the requirements for the grant of such an extension, that avenue is not here available to the Commonwealth since it failed to attempt to pursue this course prior to February 2, 1976.

*Morgan, supra,* 484 Pa. at 126, 398 A.2d at 976. Appellant believes the Commonwealth must file its petition for extension prior to the expiration of 180 days after issuance of a complaint.

The Commonwealth argues that the trial court was correct in holding otherwise. We agree that neither *Morgan, supra,* nor Rule 1100(c)(1) proscribes the procedure which was followed in this case.

Rule 1100(a) normally requires a trial to commence within 180 days from the date a complaint is filed, but is tempered by subsection (d)(1) which states: "In determining the period for commencement of trial, there shall be exclud-

ed therefrom: (1) the period of time between the filing of the written complaint and the defendant's arrest; provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence." In appellant's case, the 153 days between December 4, 1981, and May 7, 1982, are excluded under subsection (d)(1), so the run-date for his trial was automatically extended to October 22, 1982. The Commonwealth's petition for extension, filed June 1, 1982, was well within the period for commencement of trial, as required by subsection (c)(1).

The seemingly contrary language quoted from *Morgan, supra,* followed the holding that there was no excludable time in that case, and the Commonwealth's Rule 1100 application filed after the run-date was, of course, untimely. In *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976), quoted in *Morgan, supra,* the court, referring to Rule 1100, stated:

> Whether or not an application for an extension is timely filed is determined by computing the amount of time which has lapsed from the filing of the complaint to the date on which the Commonwealth files its application, *less any periods which are properly excludable pursuant to section (d) of the Rule.*

*Id.,* 469 Pa. at 15, 364 A.2d at 697 (emphasis added).

Moreover, since *Morgan,* this court has repeatedly deemed Rule 1100 applications to be timely even though filed more than 180 days after the complaint, when time was excludable under subsection (d). *See, e.g., Commonwealth v. Casper,* 327 Pa.Super. 362, 475 A.2d 840 (1984); *Commonwealth v. Winn, supra; Commonwealth v. Lee,* 297 Pa.Super. 216, 443 A.2d 804 (1982); *Commonwealth v. Millard,* 273 Pa.Super. 523, 417 A.2d 1171 (1979). Accordingly, we affirm the trial court's conclusion that the Commonwealth's Rule 1100 application was timely due to the period excludable pursuant to subsection (d)(1).

Judgment of sentence affirmed.