536 A.2d 351

COMMONWEALTH of Pennsylvania, Appellant

v.

Stanley Arlan WILLS.

Superior Court of Pennsylvania.

Argued May 14, 1987.

Filed Dec. 21, 1987.

Reargument Denied Feb. 1, 1988.

6. A co-defendant down below.

174

Joseph A. Curcillo, III, Assistant District Attorney, Clearfield, for Com., appellant.

David M. McGlaughlin, Philadelphia, for appellee.

Before WIEAND, KELLY and POPOVICH, JJ.

WIEAND, Judge:

The issue in this appeal is whether delay caused by a frivolous motion to dismiss on double jeopardy grounds is

excludable for purposes of computing the one hundred and twenty (120) days within which a retrial must commence after a first trial has ended in a mistrial.[1] The trial court declined to exclude any time on account of such delay and dismissed drug charges because a second trial had not been commenced within one hundred and twenty (120) days after the first trial ended in a mistrial. The Commonwealth appealed. We reverse.

On March 2, 1985, a criminal complaint was filed charging Stanley A. Wills with making delivery of a controlled substance, to wit, cocaine. When the case was tried on March 17 and 18, 1986, the jury was unable to agree upon a verdict. The trial court, therefore, declared a mistrial. On April 7, 1986, Wills filed a motion to dismiss further prosecution on grounds that a second trial would violate principles of double jeopardy. The trial court found the motion "wholly frivolous" and dismissed it on May 8, 1986. Apparently unaware of the filing of the Supreme Court decision in *Commonwealth v. Brady*, 510 Pa. 336, 508 A.2d 286 (1986) (filed April 23, 1986),[2] defense counsel appealed to the Superior Court on May 29, 1986. Later, however, on July 2, 1986, an enlightened defense counsel discontinued the appeal.

The Commonwealth, on August 12, 1986, filed a petition in the trial court to extend the time within which to commence trial so as to permit the second trial to take place in September, 1986. The defendant filed an answer in which he alleged that more than one hundred and twenty (120) days had already expired and that the Commonwealth, therefore, had failed to exercise due diligence. The trial court agreed with defendant's contention, refused the Commonwealth's request for an extension, and dismissed the

1. Pa.R.Crim.P. 1100(e)(1) requires that where a new trial is granted, the new trial must commence within one hundred and twenty (120) days.

2. The *Brady* court held that orders denying frivolous double jeopardy motions were not immediately appealable, thus limiting the Court's prior holding in *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977).

charges. The court reasoned that because of the Supreme Court decision in *Commonwealth v. Brady, supra,* the order of May 8, 1986 was interlocutory and not appealable. Therefore, the court concluded, defendant's pending appeal in the Superior Court was an inadequate excuse for the Commonwealth's failure to try defendant at the court's regular trial term in June, 1986. See: Pa.R.App.P. 1701(b)(6).[3] By this reasoning, the trial court determined that the one hundred and twenty (120) day period for commencement of a new trial had run uninterrupted from March 18, 1986, the date of the mistrial, until July 20, 1986, when it expired. Because the extension petition had not been filed prior thereto, the trial court held, the Commonwealth had failed to exercise due diligence. See: *Commonwealth v. Bytheway,* 290 Pa.Super. 148, 151–152, 434 A.2d 173, 175 (1981) (petition for extension of time must be filed prior to expiration of mandatory period prescribed by Rule 1100).

Pa.R.Crim.P. 1100(e)(1) provides as follows:

(e)(1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial.

However, Pa.R.Crim.P. 1100(d)(3) provides that in determining the period for commencement of trial, there shall be excluded

(3) such period of delay at any stage of the proceedings as results from:

(i) the unavailability of the defendant or his attorney;

(ii) any continuance granted at the request of the defendant or his attorney.

3. Pa.R.App.P. 1701(b)(6) provides:
After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

. . . .

(6) Proceed further in any matter in which a nonappealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal or a petition for review of the order.

In *Commonwealth v. Bond*, 350 Pa.Super. 341, 504 A.2d 869 (1986), a majority of an en banc court agreed with the Concurring Opinion of Spaeth, P.J.[4] that a pre-trial motion to discharge the defendant was analogous to a defense request for a continuance, "for implicit in [the] motion [is] the request that [the defendant] not be tried until the court rule[s] upon [the] motion." *Id.*, 350 Pa.Superior Ct. at 357, 504 A.2d at 878 (footnote omitted). And again:

> The critical point ... is that in instituting [the] constitutional challenge, appellant initiated foreseeable delay for which the Commonwealth was not responsible. The period extending from the date of appellant's motion to the date of the trial court's order denying the motion should therefore be excluded from the 180–day period. To permit the period to run while the court deliberated on the motion would be to permit appellant to wield her right to a speedy trial in an unjust and uncontemplated manner. *See Commonwealth v. Brown*, [497 Pa. 7, 438 A.2d 592, 594 (1981)] (Rule 1100 should not be construed so as to encourage gamesmanship on the part of the accused).

*Id.*, 350 Pa.Superior Ct. at 358, 504 A.2d at 878. See also: *Commonwealth v. Mason*, 358 Pa.Super. 562, 573–574, 518 A.2d 282, 288 (1986).

In the instant case, defendant filed a motion to dismiss the charges on double jeopardy grounds on April 7, 1986. By doing so, he requested that he not be tried, at the very least, until the trial court had ruled on his motion. The trial court ruled on his motion on May 8, 1986, thirty-one (31) days after the motion had been filed. This was delay for which the defendant and not the Commonwealth was responsible. Therefore, it must be excluded from the period within which the Commonwealth was required to commence the retrial. Any other rule would encourage the kind of defense gamesmanship which the courts of this Commonwealth have uniformly decried.

4. The majority, in addition to Spaeth, P.J., consisted of Brosky, Rowley, Wieand, Beck, and Tamilia, JJ.

When the defense delay of thirty-one (31) days is excluded from the Rule 1100 computation, it becomes immediately apparent that the Commonwealth's extension petition was filed within the period allowed therefor and that the Commonwealth was not guilty of a lack of due diligence in presenting the same to the court.

This makes it unnecessary to determine (1) whether there should also be excluded from the computation the time during which the defendant's frivolous appeal was pending in the Superior Court [5] and (2) whether the Commonwealth had an additional one hundred and twenty (120) days within which to commence the retrial following discontinuance of the appeal.[6]

It is clear, in any event, that the facts of this case do not warrant a dismissal of the prosecution against Stanley Wills. Rule 1100 was adopted by the Supreme Court to reduce the backlog of criminal cases in the trial courts and to provide an objective standard for protection of defendant's speedy trial rights. *Commonwealth v. Crowley*, 502 Pa. 393, 399, 466 A.2d 1009, 1012 (1983).

Rule 1100 "serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society." *Commonwealth v. Brocklehurst*, 491 Pa. 151 [153–54], 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v. Johnson*, 487 Pa. 197 n. 4, 409 A.2d 308 n. 4 (1980). The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good

5. But see: *Commonwealth v. Paprocki*, 327 Pa.Super. 270, 475 A.2d 792 (1984).

6. See: *Commonwealth v. Bond, supra* 350 Pa.Super. at 365–366, 504 A.2d at 882–883 (Concurring Opinion by Wieand, J.).

faith prosecution delayed through no fault of the Commonwealth.

*Id.,* 502 Pa. at 399, 466 A.2d at 1012, quoting *Commonwealth v. Genovese,* 493 Pa. 65, 69–70, 425 A.2d 367, 369–370 (1981).

To dismiss the prosecution under the circumstances here present would be to discharge defendant because of a delay which he, himself, caused. It would do nothing to enhance his right to a speedy trial and would totally disregard society's interest in effective prosecution.

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.