558 A.2d 882

**COMMONWEALTH of Pennsylvania**

v.

**Daniel Kevin PALMER, Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 11, 1989.

Filed May 11, 1989.

Brendan J. Vanston, District Attorney, Tunkhannock, for the Com., appellant.

Paul P. Ackourey, Scranton, for appellee.

Before WIEAND, MELINSON and HOFFMAN, JJ.

WIEAND, Judge:

This is an appeal by the Commonwealth from an order of the trial court which dismissed criminal charges on the grounds that trial had not been commenced within the time allowed by Pa.R.Crim.P. 1100. The order dismissing prosecution was entered after Rule 1100 had been amended on December 31, 1987 and while the parties were awaiting a decision from the trial court following a hearing on defendant's motion to suppress evidence. For the reasons hereinafter set forth, we are constrained to reverse.

On October 2, 1987, a criminal complaint was signed in which Daniel Palmer was accused of possession of a controlled substance and possession with intent to deliver. A preliminary hearing was held on October 22, 1987, and the charges were returned to court. After an information had been filed, Palmer waived arraignment and filed, on January 20, 1988, an omnibus pre-trial motion. In this motion he sought to suppress physical evidence seized by the police and statements which he had made to the police. He also requested the court to (1) dismiss the charge of possession with intent to deliver, and (2) compel the Commonwealth to disclose the identity of the informant who had led the police to him. Palmer's omnibus pre-trial motion was heard by the trial court on March 17, 1988, but it was not decided. When a decision was not forthcoming, the Commonwealth moved, on May 12, 1988, for an extension of time within which to commence trial. The trial court denied the Commonwealth's motion, holding that it had been filed too late. It was untimely filed, the court held, because it had not been filed until 223 days after the filing of the complaint. The Commonwealth thereafter petitioned for and was granted reargument, and Palmer filed a motion to dismiss the prosecution. On June 30, 1988, the trial court again denied the Commonwealth's request for an extension and

granted Palmer's motion to dismiss. The Commonwealth appealed.

■ After the complaint had been signed and before one hundred and eighty (180) days had expired thereafter, Rule 1100 was amended by the Supreme Court on December 31, 1987. The amended rule became effective immediately. It provided in subparagraph (a)(3) that where a defendant is not incarcerated but free on bail, trial shall commence within three hundred and sixty-five (365) days after the filing of the complaint.[1] If the amended rule is applicable to the prosecution against Palmer, then the trial court erred when it dismissed the charges against him. The time allowed for trial by the amended rule had not expired.

Pa.R.Crim.P. 2 directs that the rules of criminal procedure shall be construed "as nearly as may be in consonance with the rules of statutory construction." The trial court refused to apply the amended rule because it believed that to do so would violate the proscription of 1 Pa.C.S. § 1926 against retroactive application. Concerning retroactivity, the Supreme Court has said:

> Addressing our initial inquiry to the retroactivity issue, there can be no doubt that, absent clear language to the contrary, statutes are to be construed to operate prospectively only. Statutory Construction Act of 1972, 1 Pa.C. S.A. § 1926; *Glancey v. Casey*, 447 Pa. 77, 288 A.2d 812 (1972); *Commonwealth v. Scoleri*, 399 Pa. 110, 160 A.2d 215 (1960). It is manifest, however, that this principle becomes pertinent only after it has been determined that a proposed operation of a statute would indeed be retrospective. In this regard, our courts have held that a statute does not operate retrospectively merely because some of the facts or conditions upon which its application depends came into existence prior to its enactment.

1. Pa.R.Crim.P. 1100(a)(3), as amended, is as follows:
   Trial in a court case in which a written complaint is filed against the defendant, where the defendant is at liberty on bail, shall commence no later than three hundred sixty-five (365) days from the date on which the complaint is filed.

*Gehris v. Commonwealth, Department of Transportation,*
471 Pa. 210, 214–215, 369 A.2d 1271, 1273 (1977). See also:
*Klug v. Gazey,* 270 Pa.Super. 445, 411 A.2d 802 (1979);
*Commonwealth, Department of Labor and Industry v.
Pennsylvania Engineering Corp.,* 54 Pa.Cmwlth. 376, 421
A.2d 521 (1980). "Only where a vested right or contractual
obligation is involved is a statute applied 'retroactively'
when it is applied to a condition existing on its effective
date which resulted from events which occurred prior to
that date." *Commonwealth v. Johnson,* 520 Pa. 165, 170,
553 A.2d 897, 900 (1989). See also: *Creighan v. City of
Pittsburgh,* 389 Pa. 569, 132 A.2d 867 (1957).

To apply the amended Rule 1100 to the instant case would
not constitute a retroactive application thereof. The Statu-
tory Construction Act, at 1 Pa.C.S. § 1953, provides as
follows:

### § 1953. Construction of amendatory statutes

Whenever a section or part of a statute is amended, the
amendment shall be construed as merging into the origi-
nal statute, become a part thereof, and replace the part
amended, and the remainder of the original statute and
the amendment shall be read together and viewed as one
statute passed at one time; but the portions of the
statute which were not altered by the amendment shall be
construed as effective from the time of their original
enactment, and the new provisions shall be construed as
effective only from the date when the amendment became
effective.

In addition, the provisions of 1 Pa.C.S. § 1975 are as fol-
lows:

### § 1975. Effect of repeal on limitations

Whenever a limitation or period of time, prescribed in
any statute for acquiring a right or barring a remedy, or
for any other purpose, has begun to run before a statute
repealing such statute takes effect, and the same or any
other limitation is prescribed in any other statute passed
by the same General Assembly, the time which has al-
ready run shall be deemed part of the time prescribed as

such limitation in such statute passed by the same General Assembly.

These sections of the Statutory Construction Act, when applied to the amended Rule 1100, suggest that the time which elapsed following the signing of the complaint and prior to the effective date of the new rule must be deemed a part of the longer period established by the new rule. The longer period became applicable immediately upon its effective date in all cases where the period established by the prior rule had not expired.

In the instant case, although the complaint had been filed prior to December 31, 1987, when the new Rule 1100 went into effect, the one hundred and eighty (180) days within which to commence trial had not yet expired. Therefore, the amended period of three hundred and sixty-five (365) days became applicable. Cf. *Commonwealth v. Harvey*, 374 Pa.Super. 289, 542 A.2d 1027 (1988) (amendment extending statute of limitations from two to five years applied prospectively to prosecution commenced after effective date of amendment, where prosecution was not time-barred under former two year limitations period, regardless of whether crime for which defendant was being prosecuted occurred before or after effective date of the amendment). See also: *Commonwealth v. Johnson, supra* (amended statute of limitations was not retroactively applied where the original statutory period had not yet expired). Under amended Rule 1100, the Commonwealth had three hundred and sixty-five (365) days from October 2, 1987, the date on which the complaint was filed, within which to commence trial. Consequently, the trial court erred when, on June 30, 1988, it dismissed the charges. The three hundred and sixty-five (365) days within which to commence trial had not then expired.

■ Even under the former Rule 1100, however, the trial court's dismissal was erroneous. The Commonwealth's petition to extend the time within which to commence trial had not been filed untimely. Although it had been filed two hundred and twenty-three (223) calendar days after the

filing of the complaint,[2] the filing of Palmer's omnibus pre-trial motion on January 20, 1988 had tolled the period under Rule 1100. Consequently, the time between January 20, 1988 and May 12, 1988, when the Commonwealth filed an extension petition, was excludable. It follows that the Commonwealth's petition for an extension of time was filed only one hundred and ten (110) days after the filing of the complaint. This was timely.

In *Commonwealth v. Riffert*, 379 Pa.Super. 1, 549 A.2d 566 (1988), the Superior Court determined that the time intervening between the filing by a defendant of an omnibus pre-trial motion seeking to suppress evidence and the trial court's determination of the motion was excludable for purposes of determining whether a Commonwealth petition to extend had been timely filed. The Court reasoned as follows:

> In determining whether a petition to extend the time for trial has been filed timely ... all periods of time which are properly excludable under Rule 1100(d) must be subtracted. *Commonwealth v. Shelton*, 469 Pa. 8, 15, 364 A.2d 694, 697 (1976). See also: *Commonwealth v. Bomboy*, 357 Pa.Super. 265, 515 A.2d 969 (1986); *Commonwealth v. Casper*, 327 Pa.Super. 362, 475 A.2d 840 (1984). Time is excluded from the computation of the 180 day

**2.** In *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976), the Supreme Court said:

> The Commonwealth may not seek an extension pursuant to section (c) of the Rule nunc pro tunc, that is, the application for an extension must be filed prior to the expiration of the mandatory period set forth in the Rule or set forth in a previous order granting an extension. *Commonwealth v. O'Shea, supra* [465 Pa. 491] at [498 n. 9], 350 A.2d [872] at 875 n. 9[1976]; *Commonwealth v. Woods*, 461 Pa. 255, 336 A.2d 273 (1975). Whether or not an application for an extension is timely filed is determined by computing the amount of time which has lapsed from the filing of the complaint to the date on which the Commonwealth files its application, less any periods which are properly excludable pursuant to section (d) of the Rule. If the time so computed exceeds the mandatory period of the Rule or, in cases where an extension or extensions have been properly granted, exceeds the mandatory period set forth in the order granting the last extension, then the application is untimely.

*Id.* 469 Pa. at 15, 364 A.2d at 697–698. See also: *Commonwealth v. Bomboy*, 357 Pa.Super. 265, 515 A.2d 969 (1986).

period under Rule 1100 for delays which are caused by the unavailability of a defendant. *Commonwealth v. Armstead,* 359 Pa.Super. 88, 91, 518 A.2d 579, 581 (1986); *Commonwealth v. Colon, supra,* 317 Pa.Super. [412] at 425, 464 A.2d [388] at 395[1983]. Also excluded, according to the decided cases, is the time intervening between a defendant's filing of pre-trial motions and the trial court's disposing of such motions. See: *Commonwealth v. Mason,* 358 Pa.Super. 562, 518 A.2d 282 (1986); *Commonwealth v. Bond,* 350 Pa.Super. 341, 504 A.2d 869 (1986) (en banc) (Spaeth, P.J. concurring); *Id.* (Wieand, J. concurring). See also: *Commonwealth v. Fuchs,* 372 Pa.Super. 499, 539 A.2d 1307 (1988); *Commonwealth v. Wills,* 370 Pa.Super. 173, 536 A.2d 351 (1987). The rationale for excluding such time has been explained as follows:

> The critical point, as I see it, is that in instituting her constitutional challenge, appellant initiated foreseeable delay for which the Commonwealth was not responsible. The period extending from the date of appellant's motion to the date of the trial court's order denying the motion should be excluded from the 180–day period. To permit the period to run while the court deliberated on the motion would be to permit appellant to wield her right to a speedy trial in an unjust and uncontemplated manner.

*Commonwealth v. Bond, supra,* 350 Pa.Super. at 358, 504 A.2d at 878 (Spaeth, P.J. concurring). See also: *Id.,* 350 Pa.Superior Ct. at 363, 504 A.2d at 881 (Wieand, J. concurring) ("appellant sought to delay the trial in order to obtain a ruling on the constitutional issue and thereby, in a practical sense, obtained a postponement or continuance of the trial").

... Because Riffert's omnibus pretrial motion has raised challenges to the Commonwealth's evidence against him, his trial could not commence until the motion was disposed of by the trial court. Riffert thus was unavailable to be tried while his omnibus motion was

pending. Implicitly, he had obtained a postponement or continuance of his trial during such time.

*Commonwealth v. Riffert, supra,* 379 Pa.Superior Ct. at 10, 549 A.2d at 570-571 (footnote omitted). See also: *Commonwealth v. Reeves,* 378 Pa.Super. 29, 548 A.2d 260 (1988).

Applying the *Riffert* rationale to the facts of the instant case, it is readily apparent that Palmer could not have been tried after he filed an omnibus motion seeking to suppress the evidence against him. The trial court has never decided this motion. Until it makes a decision, the trial cannot begin. This delay cannot be attributed to the Commonwealth. When Palmer filed his omnibus pre-trial motion seeking to suppress evidence, he implicitly requested that trial be delayed until his motion was decided. "To permit the period to run [against the Commonwealth] while the court deliberated on the motion would be to permit [Palmer] to wield [his] right to a speedy trial in an unjust and uncontemplated manner." *Commonwealth v. Bond,* 350 Pa.Super. 341, 358, 504 A.2d 869, 878 (1986) (Spaeth, P.J., concurring).

> Rule 1100 was adopted by the Supreme Court to reduce the backlog of criminal cases in the trial courts and to provide an objective standard for protection of defendant's speedy trial rights. *Commonwealth v. Crowley,* 502 Pa. 393, 399, 466 A.2d 1009, 1012 (1983).

> > Rule 1100 "serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society." *Commonwealth v. Brocklehurst,* 491 Pa. 151, [153–54], 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v. Johnson,* 487 Pa. 197 n. 4, 409 A.2d 308 n. 4 (1980). The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from

good faith prosecution delayed through no fault of the Commonwealth.

*Id.* [502 Pa.] at 399, 466 A.2d at 1012, quoting *Commonwealth v. Genovese,* 493 Pa. 65, 69–70, 425 A.2d 367, 369–370 (1981).

*Commonwealth v. Wills,* 370 Pa.Super. 173, 178–179, 536 A.2d 351, 353–354 (1987). Even if the provisions of former Rule 1100 were to be applied in this case, therefore, the trial court's dismissal of the prosecution with prejudice would be erroneous.

The order dismissing the prosecution is reversed, and this case is remanded for further proceedings. Jurisdiction is not retained.

HOFFMAN, J., concurs in the result.