564 A.2d 233

**COMMONWEALTH of Pennsylvania**

v.

**Royce WELSH, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1989.

Filed Sept. 15, 1989.

Charles R. Witaconis, Asst. Public Defender, Scranton, for appellant.

Andrew Jarbola, Dist. Atty., Scranton, for Com., appellee.

Before DEL SOLE, TAMILIA and CERCONE, JJ.

DEL SOLE, Judge.

This is an appeal of a judgment of sentence following the non-jury trial of Appellant, Royce Welsh, who was convicted of the crime of escape because of his failure to return to a half-way house after he was given a temporary pass to visit his family.

Mr. Welsh contends on appeal that the court erred in denying his pre-trial motion to dismiss due to the violation of Pa.R.Crim.P., Rule 1100, 42 Pa.C.S.A. We agree and therefore need not address the other issues raised.

Appellant was charged by written complaint with the crime of escape on February 21, 1986. He was not apprehended until April 20, 1987 and then a preliminary hearing was held on April 23, 1987. Under either old Rule 1100(d)(1) or amended Rule 1100(c)(3)(i), the period from February 21, 1986 to April 20, 1987 is excluded time, and therefore the time for purposes of this rule would start running from April 20, 1987.

Until the amendment of Rule 1100, effective December 31, 1987, Appellant should have been tried by Oct. 20, 1987, 180 days from the date he was apprehended, however, the Commonwealth filed a motion for the extension of time on August 20, 1987, and the court granted the Commonwealth an extension to November 20, 1987.

On November 16, 1987 the Commonwealth then filed a second motion for extension of time for trial. Judge Cottone, on December 2, 1987, erroneously entered an extension of time until February 12, 1988, because the Common-

wealth had led him to believe the motion was uncontested. On December 15, 1987, the trial court, with the Hon. James Walsh, P.J. presiding, held a new hearing on the same motion for extension, and on Appellant's motion to dismiss based on Rule 1100 violations.

On January 14, 1988 the court ruled, by order and opinion, that the motion to dismiss was denied, and the motion to extend was denied because there was no due diligence on the part of the Commonwealth. The court held:

> The Commonwealth contends that they could not call his case for trial because they did not know the name of his attorney and only knew he was a member of the Public Defenders Office. It is undisputed that the Defendant's case was not called for trial in September, October, or November of 1987.

> We find that the Commonwealth's argument has no merit. A mere reading of the Defendant's file would indicate that Attorney Charles Witaconis was the Defendant's attorney ...

> The record also reveals that the week of criminal trial of September 21, 1987, only two criminal cases went to trial while 5 judges and 4 court rooms were available, and on the criminal trial week of October 26, 1987, 8 cases went to trial, and in the 2 week trial term of November 9, and November 16, 1987 only 4 criminal cases went to trial. This Court finds there was no due diligence on the part of the Commonwealth.

> However the amendment to Rule 1100 is effective immediately and was filed December 31, 1987. The amended Rule 1100 states a Defendant is entitled to bail if not tried within 180 days ... By Virtue [sic] of the change in Rule 1100, he is entitled to bail on this change [sic]. Therefor [sic] because this Defendant is entitled to bail on this change, [sic] the Commonwealth has 365 days from the date of his apprehension. The Commonwealth has until April 20, 1988 to bring this Defendant to trial.

Thus, the Commonwealth's requested extension was denied, as was the motion to dismiss, and the case was tried on March 14, 1988 before the President Judge.

█ It is well settled that the Commonwealth bears the burden of proving prosecutorial due diligence. *Commonwealth v. Ehredt*, 485 Pa. 191, 195–196, 401 A.2d 358, 360–361 (1979); *Commonwealth v. Thomas*, 361 Pa.Super. 1, 9–11, 521 A.2d 442, 447 (1987); *Commonwealth v. Tyler*, 382 Pa.Super. 384, 389, 555 A.2d 232, 234 (1989). However, due diligence does not demand perfect vigilance and punctilious care, but rather a reasonable effort. *Id.*

We agree with the trial court that failure to consult the record for the name of the attorney does not constitute a reasonable effort, and therefore find that the requested extension was rightly denied as showing lack of due diligence. However, we do not agree that amended Rule 1100 should have been applied to the case at bar.

In *Commonwealth v. Palmer*, 384 Pa.Super. 379, 558 A.2d 882 (1989), this court addressed the issue of when to apply amended Rule 1100. Consistent with the Statutory Construction Act, 1 Pa. C.S.A. 1953, and the proscription contained in 1 Pa.C.S.A. § 1926 against retroactive application of criminal statutes, the *Palmer* court held that the longer period of the amended Rule, (365 days), became applicable immediately upon its effective date in all cases *where the period established by the prior rule had not expired. Id.*, 384 Pa.Superior Ct. at 383, 558 A.2d at 884.

█ Here, the Rule 1100 period expired prior to the the effective date of the amended Rule. Since the extension requested by the Commonwealth had been denied, the run date ended on November 20, 1987, the date specified in the court order granting the first extension. Therefore, the Commonwealth failed to bring Appellant to trial within the 180 days required under the old Rule, and this period expired before the effective date of the amended Rule. The amended Rule can not be used to revive a prosecution whose run date under the old Rule had already passed.

We believe that this holding is analogous to the holdings in several recent cases concerning the application of an

extended statute of limitations. In *Commonwealth v. Johnson*, 520 Pa. 165, 553 A.2d 897, 900, and *Commonwealth v. Harvey*, 374 Pa.Super. 289, 542 A.2d 1027 (1988), it was held that the amendment extending the statute of limitations for rape from two (2) to five (5) years could be applied to prosecutions commenced after the effective date of the amendment if the earlier statute of limitations had not expired prior to the effective date of the amendment to the rape statute. Both cases cite the holding of *Commonwealth v. Duffy*, 96 Pa. 506, 514 (1881), which states that a right to acquittal is absolutely acquired by the completion of the period of limitation, but absent that completion the period is subject to enlargement or repeal without being obnoxious to the constitutional prohibition against ex post facto laws. Conversely, it is presumed, prosecutions under an enlarged period of limitation, when the period of limitations has already run before the amendment or repeal of the statute, would be obnoxious to the constitutional prohibition against ex post facto laws.

Similarly, an enlarged period of time for bringing an accused to trial under Rule 1100, may not be applied when the previous limitation on the time that the Commonwealth may act has already passed before the new statute takes effect.

Judgment of sentence is vacated, and charges against Appellant are dismissed. Jurisdiction relinquished.

TAMILIA, J., files a dissenting statement.

TAMILIA, Judge, dissenting.

I respectfully dissent and would affirm on the Opinion of the trial judge.

The majority reverses because the holding by the trial judge that a previous motion to extend time by the Commonwealth (November 16, 1987) had been erroneously granted, and thereby was a nullity, rendered the application of the December 31, 1987 amendment to Rule 1100 inapplicable. I disagree and would concur with President Judge James Walsh:

This case and the charges were pending before the Court on December 31, 1987, when the rule was amended. The rule on which Defendant relies now gives the Commonwealth 365 days to bring the Defendant to trial. We find no violation of Rule 1100.

Slip Op., Walsh, J., pp. 2–3.

While there appears to be an element of unfairness in this ruling, it must be considered that on November 16, 1987, when the motion was presented, there was still opportunity to go to trial prior to the expiration date of November 20, 1987, under the previous grant of an extension of time to the Commonwealth. Had the motion judge, Judge Cottone, who granted the motion on December 2, 1987 as an uncontested motion, been aware it was contested, one could only conjecture as to his ruling since he would not have had available to him the rationale applied by Judge Walsh. Arguments which are rejected under one set of conditions could appear plausible under different circumstances. Under any circumstances, the case was still pending before the court on December 31, 1987 and, therefore, was subject to the amendment to Rule 1100 which went into effect at that time.

As to the other arguments proposed by appellant, they appear to be without merit and specious at best. I would affirm on the Opinion of the trial court.