568 A.2d 635

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Albert CORBIN, Appellee.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1989.

Filed Jan. 5, 1990.

244

Frances G. Gerson, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Gerald A. Stein, Philadelphia, for appellee.

Before McEWEN, OLSZEWSKI and TAMILIA, JJ.

OLSZEWSKI, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County granting Albert Corbin's (hereinafter appellee's) motion to dismiss pursuant to Rule 1100(c).[1] On appeal, the Commonwealth submits that the trial court improperly ordered appellee discharged after concluding that the Commonwealth was not duly diligent in bringing appellant to trial. For the following reasons, we reverse.

This case arose as the result of the stabbing of one Shernon Blair, on April 20, 1987, as he stood on the front steps of his home. On that same date, appellee was arrested and charged with aggravated assault, simple assault, recklessly endangering another person and possession of an

1. Pa.R.Crim.P., Rule 1100(c), 42 Pa.C.S.A.

instrument of crime. Thus, pursuant to Rule 1100(a)(3), the Commonwealth had until October 19, 1987 to bring appellee to trial.[2]

On April 27, 1987, the first listing of the case, appellee appeared unrepresented. At the request of appellee, the case was continued until May 11, 1987 so that private counsel could be obtained. On May 11, 1987, upon joint application of both parties, the case was again continued until May 22, 1987. On that date, appellee was held for court on all charges and arraignment was scheduled for June 12, 1987.

On June 12, 1987, appellee's case was listed for trial to begin on August 10, 1987. Trial did not commence as scheduled, however, as appellee's counsel was trying another case and was unavailable. Accordingly, the case was continued until November 10, 1987, at which time appellee again requested a continuance due to his counsel's participation at another proceeding. The court honored this request, and trial was set for February 17, 1988. Due to the failure of appellee's counsel to appear on that date, however, the case was again continued, this time to May 23, 1988. In the interim, on February 22, 1988, the Commonwealth filed a petition to extend.

On May 23, 1988, after appellee failed to appear due to an illness, the case was rescheduled for the next day, May 24, 1988. On that date, appellee again failed to appear and a bench warrant was issued for his apprehension. Once this was accomplished, a bench warrant hearing was held at the Philadelphia Detention Center on June 6, 1988, the bench warrant was withdrawn, and a new date of August 3, 1988 was given for trial. Unfortunately, on this date, the police officer scheduled to testify on behalf of the prosecution was on vacation and unavailable. Therefore, the Commonwealth requested a continuance and orally amended its petition to extend. The case was then re-listed for November 28, 1988, at which time appellee presented a

2. *See* footnote 4, *infra.*

motion to dismiss under Rule 1100.[3]  Holding the motion under advisement, the trial court scheduled an evidentiary hearing on November 30, 1988.

At the time of the hearing, both the Commonwealth and counsel for appellee agreed that the actual rundate of this case, taking into consideration all excludable time attributed to appellee, was October 31, 1988.[4]  In addition, the Commonwealth offered the testimony of Officer John Feeney, the court liaison officer on duty the day of appellee's bench warrant hearing.  Officer Feeney testified as to the large number of bench warrant hearings scheduled for June 6, 1988, in an effort to explain the scheduling of appellee's trial on the date of the police officer's vacation.  At the conclusion of the hearing, despite finding credence in Officer Feeney's explanation, the trial court refused to allow the Commonwealth an extension of time and granted appel-

3.  No record of this motion exists in the Quarter Sessions file, nor has appellee provided this Court with a copy of same.  In order to be deemed properly filed, a motion to dismiss should be in writing and filed with the trial court.  *See Commonwealth v. Terfinko,* 504 Pa. 385, 474 A.2d 275 (1984); *see also Commonwealth v. Nixon,* 311 Pa.Super. 450, 457 A.2d 972 (1983) (presenting motion to judge is not a proper filing).

4.  In its opinion, the trial court found the amended rundate to be August 30, 1988, however, the court failed to take into consideration that period of time from the bench warrant hearing until the August 3, 1988 listing.  *See Commonwealth v. Robinson,* 498 Pa. 379, 446 A.2d 895 (1982).  In addition, while both parties and the trial court were relying on an interpretation of the former Rule 1100, it should be noted that during the pendency of this case, our Supreme Court on December 31, 1987, amended Rule 1100 effective immediately.  Subparagraph (a)(3) of this amended version provides that a defendant who is not incarcerated but free on bail, as here, must be tried within 365 days rather than the 180–day requirement of the old rule.  In *Commonwealth v. Palmer,* 384 Pa.Super. 379, 558 A.2d 882 (1989), this Court held that the longer period of time provided for in the amended rule shall be applied as of the effective date to all cases "where the period established by the prior rule had not expired."  *Id.* at 383, 558 A.2d at 884.  As appellee's case was pending in the trial court when the amended rule came into effect, the time frame within which to begin trial was 365 days, minus excludable time.  Here, as we shall see, this period of time had not yet run when the trial court dismissed the case.  This was clearly error on the part of the trial court.  Because the Commonwealth failed to raise the applicability of this amended time frame as an issue to the trial court, however, we choose not to decide the case on this basis.

lee's motion to dismiss. After denial of its petition for reconsideration, the Commonwealth filed the instant appeal.

We must now determine whether the court properly denied the extension and discharged appellee based upon the conclusion that the Commonwealth had failed to exercise due diligence in attempting to secure the presence of the police witness for trial on August 3, 1988.

> In order to be entitled to an extension under former Pa.R.Crim.P. 1100(c), the Commonwealth must prove by a preponderance of the evidence that it acted with due diligence at the last listing before the amended rundate and any listing thereafter to bring the case to trial. *Commonwealth v. Burke,* 344 Pa.Super. 288, 291–93, 496 A.2d 799, 801 (1985). The test to determine whether the Commonwealth acted with due diligence is one of reasonableness under the circumstances. [*Id.*] When we review a trial court's ruling, relative to whether the Commonwealth has met its burden of proving due diligence, we consider only the evidence presented at the hearing by the Commonwealth and so much of the evidence presented by the defendant which remains uncontradicted. *Commonwealth v. Yant,* 314 Pa.Super. 442, 445–47, 461 A.2d 239, 241 (1983).

*Commonwealth v. Brawner,* 381 Pa.Super. 265, 270–271, 553 A.2d 458, 460–461 (1989) (footnote omitted).

Keeping this standard in mind, we turn to the record. On August 3, 1988, upon learning that its police witness was on vacation and unavailable for trial, the Commonwealth asked for a continuance and orally amended its petition to extend. The trial court granted this continuance and set November 28, 1988 as the earliest date available to try this matter. At the evidentiary hearing on November 30, 1988, the Commonwealth offered the testimony of Officer John Feeney, the court liaison officer who was on duty June 6, 1988, the day of appellee's bench warrant trial. Officer Feeney testified that he was responsible for assisting in the assignment of new court dates in cases where police officers were to be witnesses. He indicated that it was his job to see that the

new trial date was such that the police witness would be on day work duty, thus available to testify, rather than on vacation. Officer Feeney related that on the date of appellee's bench warrant hearing, approximately 239 cases were in need of attention. It was Officer Feeney's task to go through the files of each case, note the vacation schedule of each officer, and inform the bail commissioner so that each case could then be given the earliest possible date for trial. Because the caseload was so great, however, Officer Feeney was unable to check the vacation dates on all 239 cases. As a consequence, appellee's case was given the earliest possible date, August 3, 1988, without the court liaison officer having checked the vacation schedule of the Commonwealth's police witness. On that date, therefore, the witness was on vacation and unavailable, without ever receiving notice of his court date.

Despite crediting Officer Feeney's explanation of the circumstances involved on June 6, 1988, the trial court granted the motion to dismiss and discharged appellee. It reasoned:

> The evidence before the Court indicated that had there been sufficient preparation time, or increased staff at the Detention Center on the date of defendant's bench warrant hearing, the records available would have been checked and the case would not have been listed during the officer's vacation. Thus, the continuance to November 28, 1988 does not demonstrate due diligence by the Commonwealth.

Trial court opinion at 8. We disagree.

It is well settled that "when a witness becomes unavailable towards the end of the Rule 1100 run date—due to illness, vacation, or other reason not within the Commonwealth's control, the Commonwealth is prevented from commencing the trial within the requisite period despite due diligence, and an extension of time is warranted." *Commonwealth v. Weaver*, 363 Pa.Super. 194, 199, 525 A.2d 785, 788 (1987). In addition, "we have recognized that defense-caused delays may realistically obstruct diligent

efforts by the Commonwealth to try an accused within the 180–day period, and therefore may help to justify a Rule 1100(c) extension." *Commonwealth v. Hollingsworth*, 346 Pa.Super. 199, 210–11, 499 A.2d 381, 386 (1985).

■ In the case at bar, appellee had effectively postponed the consummation of these proceedings for approximately one year through his numerous delays. During all of these delays, it is certain that no attempt was made by the Commonwealth to evade the provisions of Rule 1100, nor can it be argued that the Commonwealth acted in bad faith in attempting to bring this matter to a conclusion. To the contrary, according to the record, the Commonwealth was available, with its police witness, on five different occasions when appellee failed to appear. Indeed, appellee's failure to appear on May 24, 1988, necessitating his apprehension, was the sole cause of the bench warrant hearing at which his case was inadvertently listed during the police witness's vacation. Despite accepting Officer Feeney's testimony that the cause of the inadvertent listing was due to an overburdened docket coupled with an inadequate number of staff present at the detention center, the trial court found the fault to lie squarely on the shoulders of the Commonwealth. *See Commonwealth v. Harris*, 315 Pa.Super. 544, 462 A.2d 725 (1983) (where trial coordinator responsible for continuation of trial beyond rundate, Commonwealth entitled to extension); *Commonwealth v. Wroten*, 305 Pa.Super. 340, 451 A.2d 678 (1982) (where administrative error caused case to be listed past its rundate, Commonwealth acted diligently and extension was warranted). Under these circumstances, the trial court most certainly abused its discretion in discharging appellee.

In reaching our conclusion, we are careful to keep in mind the dictates of our Supreme Court in *Commonwealth v. Genovese*, 493 Pa. 65, 69–70, 72, 425 A.2d 367, 369–370, 371 (1981):

Rule 1100 "serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society," *Commonwealth v. Brockle-*

*hurst,* 491 Pa. 151, 153–54, 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972). In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v. Johnson,* 487 Pa. 197, n. 4, 409 A.2d 308, n. 4 (1980). The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

\* \* \* \* \* \*

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

Here, the overwhelming evidence on the record indicates that at all times during the pendency of this case, the Commonwealth acted in good faith and with due diligence to try this matter within the time constraints outlined in Rule 1100. Because of an inordinate amount of delay on behalf of appellee, and an administrative breakdown at the detention center, this case was listed past the rundate. Under these circumstances, we find the Commonwealth to be without fault for the unavailability of its witness which resulted in the November 28, 1988 trial listing. Accordingly, we find the trial court abused its discretion in denying

the Commonwealth an extension of time and in dismissing appellee.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.