617 A.2d 805

**COMMONWEALTH of Pennsylvania**

**v.**

**Robert Thomas NAUSS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 16, 1992.

Filed Dec. 9, 1992.

---

Michael P. Gottlieb, Norristown, for appellant.

Patricia E. Coonahan, Asst. Dist. Atty., Cheltenham, for Com., appellee.

Before McEWEN, DEL SOLE and HUDOCK, JJ.

DEL SOLE, Judge:

Appellant, who was serving a life sentence for a first degree murder conviction, takes this appeal from an additional sentence imposed after he was subsequently convicted on charges of escape. Three issues are raised in this appeal, each of which we find to be meritless.

■ Initially Appellant contends that the criminal complaint charging him with escape and conspiracy was invalid since it was executed by a correctional officer and not a police officer. In support of his position Appellant refers to Pennsylvania Rule of Criminal Procedure 133, which requires the approval of an attorney for the Commonwealth whenever the affiant of a complaint "is not a law enforcement officer." We reject Appellant's claim, however, because we find that this correctional officer was authorized as a law enforcement officer to file a complaint against Appellant.

The term "law enforcement officer" is defined in Pa.R.Crim. P., Rule 3, as "any person who is by law given the power to enforce the law when acting within the scope of that person's employment." Lieutenant Ewing, who executed the complaint, was acting within the scope of his employment as a correctional officer, when he filed the criminal complaint against Appellant. The powers of a correctional officer, such as Lieutenant Ewing, are set forth in 61 P.S. § 409.1. Therein it provides:

> All wardens, deputy wardens, keepers, guards, turn keys and matrons shall have, and may exercise the power of peace officers in the performance of their duties generally in guarding, protecting and delivering prisoners, in protecting the property in interest of the county and in capturing and

returning the prisoners they may have, that may have escaped.

61 P.S. § 409.1

A peace officer is defined in 18 P.C.S.A. § 501 as: "[a]ny person who by virtue of his office or public employment is vested by law with a duty to make arrests for offenses." Since Lieutenant Ewing was authorized to exercise the powers of a peace officer relating to Appellants escape from the correctional facility, and because a peace officer's duties include the power to make arrests, we conclude that Officer Ewing was authorized as a law enforcement officer to execute the complaint charging Appellant with criminal conspiracy and escape.

Appellant also contends that he was denied due process of law because the prosecution for the offense was not commenced within two years after it was committed as required in 42 P.A.C.S.A. § 5552(a). Appellant further argues that had the Commonwealth wished to toll the statute of limitations due to his absence from the Commonwealth it was required to allege such an exception in the indictment. The weakness of Appellant's claim rests with the fact that his prosecution was timely commenced negating any need for an extension of time. Appellant was discovered missing from his cell on November 17, 1983. The very next day a criminal complaint was filed and an arrest warrant was signed. Subsection (e) of 42 Pa.C.S.A. § 5552 details when a prosecution will be deemed commenced and states:

> **(e) Commencement of prosecution.**—Except as otherwise provided by general rule adopted pursuant to section 5503 (relating to commencement of matters), a prosecution is commenced either when an indictment is found or an information under section 8931(b) (relating to indictment and information) is issued, or when a *warrant,* summons or citation *is issued,* if such warrant, summons or citation is executed without unreasonable delay.

42 Pa.C.S.A. § 5552(e).

■ Where the warrant for Appellant's arrest was filed the day after he was discovered to have escaped from a correc-

tional institution, we find the prosecution for this crime was timely commenced. The fact that Appellant was not apprehended, detained and brought to trial following the filing of Bills of Information until many years later, is irrelevant to a decision on this matter in this case because the arrest warrant was executed without unreasonable delay.

Lastly Appellant contends that the trial court erred in denying his motion to dismiss pursuant to Rule 1100. It is not disputed that Appellant was tried within 365 days of his arrest, as now required under Pa.R.Crim.P., Rule 1100; however, Appellant submits that the 180 day limitation which was set forth in the old Rule 1100 is applicable to this offense which was committed on November 17, 1983. Because he was not tried until approximately seven years later, Appellant argues that his motion to dismiss should have been granted.

In speaking to the applicability of the amended speedy trial rule found in Rule 1100, this court in *Commonwealth v. Palmer*, 384 Pa.Super. 379, 558 A.2d 882 (1989), remarked that "[t]he longer period [contained in the new rule, effective December 31, 1987] became applicable immediately upon its effective date in all cases where the period established by the prior rule had not expired." *Id.* at 383, 558 A.2d at 884. Although Appellant argues that the 180 day period expired on May 15, 1984 prior to the effective date of the new rule, the Commonwealth counters this argument by noting that after the complaint was filed Appellant's whereabouts were unknown until he was apprehended on October 31, 1990. Because an exclusion was allowed for the period of time in which a defendant could not be apprehended due to the fact that his whereabouts were unknown despite due diligence by the police, Pa.R.Crim.P., Rule 1100(d)(1) now (c)(1), the period established under the old rule had not expired when the new rule became effective in 1987. Any dispute raised by Appellant regarding the Commonwealth's demonstration of due diligence is waived since it was not raised before the trial court and no allegations of prejudice have been made. See trial court opinion at 6.

■   We thus agree with the Commonwealth that Appellant's motion to dismiss was properly denied since Appellant was tried within 365 days as provided in the new Rule 1100. We specifically reject Appellant's claim that his motion should have been granted even under the amended Rule 1100 because he was incarcerated, rather than released on bail and not tried within 180 days.  First, Appellant never petitioned for bail, Pa.R.Crim.P., Rule 1100(e), and second he would not have been released even if he had petitioned since he was serving a life sentence on a separate charge.

For the reasons stated, we find Appellant's claims to be meritless and affirm the Judgment of Sentence.

Judgment of Sentence affirmed.