J-A12036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| NAQUAN BURNS | : | No. 258 EDA 2023 |

Appeal from the Order Entered December 28, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009471-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| NAQUAN BURNS | : | No. 259 EDA 2023 |

Appeal from the Order Entered December 28, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009472-2021

BEFORE:   PANELLA, P.J.E., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED JUNE 24, 2024**

In this consolidated appeal, the Commonwealth of Pennsylvania appeals from the orders entered in the Court of Common Pleas of Philadelphia County granting Appellee Naquan Burns' motions to dismiss his cases docketed in the lower court at CP-51-CR-0009471-2021 ("9471-2021") and CP-51-CR-

_____

[*] Former Justice specially assigned to the Superior Court.

0009472-2021 ("9472-2021") pursuant to Pennsylvania Rule of Criminal Procedure 600, *i.e.*, the speedy trial rule. After a careful review, we reverse and remand for further proceedings.

The relevant facts and procedural history are as follows: On July 29, 2021, Appellee was arrested after he fired shots at police officers, and on July 30, 2021, the Commonwealth filed criminal complaints at docket numbers 9471-2021 and 9472-2021 charging Appellee with numerous offenses in connection with the incident.[1] On August 3, 2021, bail was set, and Appellee's court appointed defense counsel filed a request for a mental health examination, which the trial court granted. The trial court listed both matters for a status hearing on August 23, 2021, and at the hearing, Appellee was deemed competent. The trial court then scheduled Appellee's preliminary hearing for September 9, 2021.

The certified docket entries for September 9, 2021, reveal the Commonwealth appeared "ready on call" to proceed with the preliminary hearing. However, Appellee "was not present due to a medical hold." The docket entries contain a notation that the Commonwealth requested the next earliest possible date, and the trial court rescheduled Appellee's preliminary

---

[1] At lower court docket number 9471-2021, the Commonwealth charged Appellee with crimes against Police Officer Christopher Rycek, and at lower court docket number 9472-2021, the Commonwealth charged Appellee with crimes against Police Officer Marc Kusowski.

hearing for October 5, 2021. Meanwhile, on October 1, 2021, the First Judicial District lifted the suspension on Pa.R.Crim.P. 600.[2]

The certified docket entries for October 5, 2021, reveal "defense ready." However, the Commonwealth requested a continuance for "further investigation." The trial court rescheduled Appellee's preliminary hearing for November 17, 2021. The docket entries reveal both parties appeared for the November 17, 2021, preliminary hearing, and at the conclusion of the hearing, the court bound over all charges for trial at both lower court docket numbers, except for the charge of possession of a firearm prohibited, which the trial court dismissed for lack of evidence. On November 22, 2021, the Commonwealth filed an Information against Appellee at both docket numbers. On December 1, 2021, Appellee was formally arraigned on both docket numbers, and the trial court set a scheduling conference for December 21, 2021.

On December 21, 2021, Appellee requested a continuance of the scheduling conference. For lower court docket number 9471-2021, the docket

---

[2] The President Judge of the First Judicial District of Pennsylvania issued an order on March 17, 2020, suspending Rule 600 due to the COVID-19 pandemic. The order provides "[t]he operation of Rule of Criminal Procedure 600 shall be suspended in the First Judicial District during the period of the local emergency." *In re: Declaration of Judicial Emergency*, No. 9 E.M. 2020 (C.P. Philadelphia filed 3/17/20). On October 1, 2021, the President Judge of the First Judicial District lifted this suspension on Rule 600. Order, No. 21 E.M. 2020 (C.P. Philadelphia filed 8/23/21).

entry specifically indicates the defense requested the continuance for "further investigation. Defense is requesting Discovery. Defense is requesting an Offer." For lower court docket number 9472-2021, the docket entry specifically indicates the defense requested the continuance "for possible non-trial disposition at next listing." The trial court rescheduled the conference for March 16, 2022.

Both parties appeared for the trial scheduling conference on March 16, 2022. As a result of this conference, on March 17, 2022, the trial court filed an order directing that all discovery be completed by December 3, 2022, scheduling a trial readiness conference for December 12, 2022, and scheduling a jury trial to commence for both matters on January 3, 2023.

On December 27, 2022, Appellee filed a motion to dismiss at both lower court docket numbers. Specifically, Appellee averred that more than 365 days of non-excludable time had elapsed for purposes of Pa.R.Crim.P. 600(A), and the Commonwealth failed to exercise due diligence. Thus, Appellee sought the dismissal of all charges with prejudice pursuant to Rule 600. On December 28, 2022, the trial court held a hearing on Appellee's motions to dismiss.

At the hearing, defense counsel indicated that from December 21, 2021, to March 16, 2022, defense counsel made several requests to the Commonwealth for discovery; however, discovery remained outstanding as of March 16, 2022. N.T., 12/28/22, at 5. Defense counsel further indicated that, on June 6, 2022, the defense sent an email to the Commonwealth requesting

discovery; however, the defense received no response. *Id.* at 6. Defense counsel averred the "automatic run date" for Appellee's two cases was October 5, 2022, but the Commonwealth did not provide discovery until December 2, 2022. *Id.* Defense counsel argued that "because of the Commonwealth's failure to pass discovery, none of that time could be excluded because their only attempts to pass discovery were made after the run date had passed." *Id.* at 6-7. Defense counsel contended the Commonwealth failed to exercise due diligence since it did not provide discovery in a timely manner. *Id.* at 8.

In response, the Commonwealth indicated that it had been duly diligent in both of Appellee's cases. Specifically, the Commonwealth averred the trial court extended the time for discovery to December 3, 2022, because the jury trial could not be listed until January 3, 2023, due to court congestion, as well as the burden on the jury trial system because of the pandemic. *Id.* at 9. The Commonwealth noted the trial court set the discovery deadline for December 3, 2022, and the Commonwealth met this deadline by providing discovery on December 2, 2022. *Id.* at 10.

Moreover, the Commonwealth noted that, because Appellee's cases involved shots fired at police officers, the discovery was "locked in the electronic system by the Philadelphia Police Officers[, who] have to give special permission to people in [the District Attorney's Office] to be able to access [the discovery]." *Id.* The Commonwealth explained that, after a specific Assistant District Attorney ("ADA") is assigned to a case, the ADA has

access to the discovery. *Id.* at 11. The Commonwealth noted that it informed Appellee of this procedure in an email in February of 2022. *Id.* Thus, the Commonwealth noted Appellee was put on notice that the Commonwealth did not have access to the discovery, which was in the police's possession, until a specific ADA was assigned to Appellee's cases. *Id.*

ADA William Sandman testified he was assigned to Appellee's cases on September 29 or 30, 2022, and when he reviewed Appellee's case files in the middle of November of 2022, he asked defense counsel whether she needed discovery. *Id.* at 11-12. He noted this was "a month and a half out" from when Appellee's jury trial was scheduled to begin. *Id.* at 12. Defense counsel responded she had not been provided with complete discovery, and, thus, ADA Sandman copied the large electronic files from the police department. *Id.* On December 2, 2022, he notified defense counsel that the files could be picked up at any time; however, because of the large size of the files, he was unable to successfully send the files to defense counsel through electronic means. *Id.* at 12-13. ADA Sandman testified: "I complied to the best of my abilities [and with] diligence." *Id.* at 13. He noted that he copied the files for discovery and had them ready for the defense to retrieve in the time set forth by the trial court in the March 17, 2022, scheduling order. *Id.*

By orders filed on December 28, 2022, the trial court granted Appellee's motions to dismiss under Pa.R.Crim.P. 600 and dismissed the charges at both lower court docket numbers with prejudice. Specifically, the trial court

concluded the Commonwealth had not been duly diligent in providing discovery to Appellee. *Id.* at 15-17. The Commonwealth filed a notice of appeal at both docket numbers,[3] and all Pa.R.A.P. 1925 requirements have been met. This Court *sua sponte* consolidated the Commonwealth's appeals.

On appeal, the Commonwealth sets forth the following issue in its "Statement of the Question Involved" (verbatim):

> Did the lower court err by dismissing all charges under Rule 600 where trial was only scheduled beyond the adjusted run date due to the court's own scheduling concerns, where the Commonwealth passed all discovery by the discovery deadline, and where the Commonwealth was trial-ready before the first and only trial date?

Commonwealth's Brief at 4 (suggested answer omitted).

On appeal, the Commonwealth contends the trial court erred in granting Appellee's motions to dismiss at docket numbers 9471-2021 and 9472-2021 pursuant to Pa.R.Crim.P. 600.

We generally review the trial court's disposition of a Rule 600 motion for an abuse of discretion. *Commonwealth v. Harth*, 666 Pa. 300, 252 A.3d 600, 614 n.13 (2021). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied,

---

[3] We note the Commonwealth filed two notices of appeal with each listing both trial court docket numbers. Each notice of appeal contained a handwritten offense tracking number next to only one of the two trial court docket numbers. We conclude the Commonwealth has adequately complied with *Commonwealth v. Walker*, 646 Pa. 456, 185 A.3d 969 (2018). *See Commonwealth v. Johnson*, 236 A.3d 1141, 1148 (Pa.Super. 2020) (*en banc*) (holding "the fact that the notices contain [more than one] lower court number[ ] is of no consequence").

or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will…discretion is abused." ***Commonwealth v. Burno***, 638 Pa. 264, 154 A.3d 764, 793 (2017) (citation omitted).

Rule 600 requires that trial "shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Known as the mechanical run date, that date may be extended under certain circumstances. ***Commonwealth v. Wendel***, 165 A.3d 952, 956-57 (Pa.Super. 2017). When a defendant seeks dismissal based on a violation of Rule 600, the court first establishes the mechanical run date, then determines whether any periods of delay are excludable and, if so, it extends the mechanical run date to account for the periods of excludable delay to, thus, arrive at the adjusted run date. Pa.R.Crim.P. 600(C). The Commonwealth must bring a defendant to trial by the adjusted run date. ***Commonwealth v. Roles***, 116 A.3d 122, 125 (Pa.Super. 2015).

When a defendant requests a continuance and the trial court grants it, the delay caused by the continuance request is not attributable to the Commonwealth, and the trial court extends the adjusted run date to account for the period of delay. ***Commonwealth v. Armstrong***, 74 A.3d 228, 237 (Pa.Super. 2013). Similarly, if a defendant "expressly waived his rights under Rule 600," the period of delay is excludable. ***Commonwealth v. Brown***, 875 A.2d 1128, 1134 (Pa.Super. 2005).

In addition, judicial delays, which are delays caused by the trial court's schedule, are excludable, and, thus, extend the adjusted run date. ***Commonwealth v. Wiggins***, 248 A.3d 1285, 1289 (Pa.Super. 2021). When judicial delay is at issue, however, the trial court must determine that the Commonwealth acted with "due diligence" in bringing the defendant to trial before extending the adjusted run date to account for the judicial delay. ***Harth***, ***supra***, 252 A.3d at 617-18. "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Commonwealth v. Selenski***, 606 Pa. 51, 994 A.2d 1083, 1089 (2010) (citation omitted).

Finally, delays caused by events out of the control of the Commonwealth are not generally attributable to the Commonwealth, and the trial court may extend the adjusted run date to account for delays arising from events outside of the control of the Commonwealth. ***Wiggins***, 248 A.3d at 1289.

In both of Appellee's cases at bar, the mechanical run date commenced on July 30, 2021, when the Commonwealth filed the criminal complaints against Appellee, and the mechanical run date expired 365 days later, on

Monday, August 1, 2022.[4]  *See* Pa.R.Crim.P. 600(A)(2)(a).  However, this does not end our inquiry as we must next determine the adjusted run date.

Initially, all parties agree that the period from July 30, 2021, through October 1, 2021, is excludable from the Rule 600 computation due to the COVID-19 judicial emergency.  *See* Commonwealth's Brief at 13; Appellee's Brief at 18.  Thus, 63 days are excluded from the Rule 600 calculation, and the adjusted run date is October 3, 2022.

Moreover, the four days of delay from the end of the judicial emergency on October 1, 2021, until October 5, 2021, is not attributable to the Commonwealth. *See Commonwealth v. Hunt*, 858 A.2d 1234 (Pa.Super. 2004) (*en banc*) (holding delay attributable to the defendant's unavailability is excluded under Pa.R.Crim.P. 600).  The Commonwealth avers, and Appellee admits, that Appellee's preliminary hearing was rescheduled from September 9, 2021, to October 5, 2021, because Appellee was "unavailable" on September 9, 2021.  Appellee's Brief at 18.  Both parties agree that, even if

---

[4] The 365th day fell on Saturday, July 30, 2022; however, it is well settled that "[w]henever the last day of any such period (of time referred to in a statute) shall fall on a Saturday or Sunday, or any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."  1 Pa.C.S.A. § 1908.  *See* Pa.R.Crim.P. 600, cmt. ("When calculating the number of days set forth herein, see the Statutory Construction Act, 1 Pa.C.S.A. § 1908.").  *See also Commonwealth v. McCarthy*, 180 A.3d 368 (Pa.Super. 2018) (holding Saturday and Sunday, which would have been the 365th and 366th days in computing time under the rule governing right to prompt trial, were excludable from calculation).

the judicial emergency was not in effect, the time resulting from this postponement was excludable. Commonwealth's Brief at 13-14; Appellee's Brief at 18. We agree, and after excluding the delay, the adjusted run date is extended by four days to October 7, 2022. *See Hunt*, *supra*.

The next period of delay from October 5, 2021, through November 17, 2021, is attributable to the Commonwealth. Specifically, the docket entries reveal the defense was ready for Appellee's preliminary hearing on November 17, 2021; however, the Commonwealth requested a continuance for further investigation. The Commonwealth has not averred that this delay extends the adjusted run date, and, thus, we decline to find that it does so.[5]

Thereafter, both parties appeared for the November 17, 2021, preliminary hearing, and a trial scheduling conference was set for December 21, 2021. However, the scheduling conference was rescheduled to March 16, 2022, due to Appellee's requests for continuance. Specifically, the docket entries at 9471-2021 reveal Appellee sought a continuance for further investigation, an offer from the Commonwealth, and further discovery. The docket entries at 9472-2021 reveal Appellee sought a continuance for possible non-trial disposition at the next listing. Since it was Appellee who requested the continuance, we agree with the Commonwealth that the delay is

_____

[5] We note that, in requesting this continuance, there is no evidence of misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of Appellee. *See Commonwealth v. Corbin*, 568 A.2d 635 (Pa.Super. 1990).

attributable to Appellee, and the trial court erred in not extending the adjusted run date to include this period of delay (85 days). ***Commonwealth v. Barbour***, 647 Pa. 394, 189 A.3d 944, 958 (2018). Thus, the adjusted run date is extended to December 31, 2022. However, we note that December 31, 2022, fell on a Saturday. Moreover, January 1, 2023, fell on a Sunday, and the courts of Pennsylvania observed New Year's Day on Monday, January 2, 2023. Thus, the adjusted run date is extended to Tuesday, January 3, 2023. ***See McCarthy***, ***supra***.

We specifically reject the trial court's holding that, although the defense requested the continuance on December 21, 2021, the delay from December 21, 2021, to March 16, 2022, is attributable to the Commonwealth because the Commonwealth had not yet passed discovery. The case law is clear that, when a defendant requests a continuance, the delay caused by the continuance request is not attributable to the Commonwealth, and the adjusted run date must be extended accordingly. ***See Armstrong***, 74 A.3d at 237. ***See also Commonwealth v. Mayo***, 170-72 MDA 2023, 2024 WL 396643 (Pa.Super. filed 2/2/24) (unpublished memorandum) (holding where the Commonwealth had not yet passed discovery but the defense requested the continuance the trial court erred in attributing the delay to the Commonwealth); ***Commonwealth v. Baker***, No. 696-97 MDA 2022, 2023 WL 21566892 (Pa.Super. filed 2/22/23) (unpublished memorandum) (holding that, regardless of whether the Commonwealth was duly diligent in providing

discovery, the defense's requests for continuances were delays attributable to the defense and extended the adjusted run date for Rule 600 purposes).[6]

Here, although the adjusted run date is January 3, 2023, the trial court granted Appellee's motions to dismiss, which were filed on December 27, 2022. Consequently, we agree with the Commonwealth that the "'Rule 600 motion[s] [were] premature, and the trial court erred in granting them." Commonwealth's Brief at 14 (quoting **Commonwealth v. Malone**, 294 A.3d 1247, 1251 (Pa.Super. 2023)).

Moreover, we note that, at the time Appellee filed his motions to dismiss, the Commonwealth had already provided discovery to Appellee in accordance with the trial court's March 17, 2022, order, and the Commonwealth was ready for trial on the first available date provided by the trial court, January 3, 2023, which is the adjusted run date. Accordingly, we agree with the Commonwealth that the trial court erred in granting Appellee's motions to dismiss his cases pursuant to Pa.R.Crim.P. 600. Thus, we reverse the trial court's December 28, 2022, orders and remand for reinstatement of the charges that were dismissed pursuant to these orders.

Orders reversed. Cases remanded for further proceedings. Jurisdiction relinquished.

_____

[6] **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value). We find **Mayo** and **Baker** persuasive in this matter.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>6/24/2024</u>