J-A15031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM BRUCE COTTLE | : | |
| | : | |
| | : | No. 12 MDA 2024 |

Appeal from the Order Entered November 21, 2023
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0003052-2021

BEFORE: DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED: JULY 31, 2024**

The Commonwealth of Pennsylvania appeals from the November 21, 2023, order entered in the Court of Common Pleas of Luzerne County granting Appellee Adam Bruce Cottle's motion to dismiss his case pursuant to Pennsylvania Rule of Criminal Procedure 600, *i.e.*, the speedy trial rule. After a careful review, we reverse and remand for further proceedings.

The relevant facts and procedural history are as follows: On May 22, 2021, after Forty Fort Police Officer Richard Vaow stopped Appellee's motor vehicle, Appellee was arrested, and he submitted to blood testing at the Wilkes-Barre General Hospital. The blood sample was sent to NMS Labs for toxicology screening. On May 23, 2021, Officer Vaow filed a criminal complaint

---

[*] Former Justice specially assigned to the Superior Court.

charging Appellee with numerous offenses in connection with the operation of his motor vehicle. Bail was set.

Appellee's preliminary hearing was scheduled for June 15, 2021; however, the Commonwealth requested a continuance to obtain the outstanding toxicology test results. The Commonwealth sought the test results to determine whether the complaint should be amended to include additional charges of driving while under the influence of alcohol or a controlled substance. Accordingly, Appellee's preliminary hearing was rescheduled to August 16, 2021.

However, the Commonwealth then requested a brief continuance due to the unavailability of Officer Vaow, whose wife was in the hospital having gall bladder surgery. Accordingly, Appellee's preliminary hearing was rescheduled to August 24, 2021.

On August 24, 2021, Appellee's attorney requested a continuance of the preliminary hearing, and, thus, the preliminary hearing was rescheduled to September 10, 2021, at which time all parties appeared, and the charges were bound over for trial. On November 18, 2021, the parties appeared for a "first appearance" dispositional hearing, Appellee entered a plea of "not guilty," and a jury trial was scheduled for February 7, 2022.

On November 23, 2021, Appellee filed a motion for compulsory discovery, as well as a motion for a bill of particulars. On December 2, 2021,

the Commonwealth filed an Information.[1]  On that same date, the trial court *sua sponte* rescheduled Appellee's jury trial from February 7, 2022, to February 14, 2022.

On December 15, 2021, Appellee filed an *omnibus* pre-trial motion seeking discovery, the dismissal of certain charges, and the suppression of physical evidence.  On January 3, 2022, the trial court scheduled an *omnibus* pre-trial motion hearing for February 4, 2022.

Meanwhile, on January 4, 2022, the President Judge of Luzerne County filed an administrative order related to the COVID-19 pandemic.  Therein, the President Judge relevantly indicated the operation of Rule of Criminal Procedure 600 was suspended pending further order of the court.  On February 1, 2022, the Commonwealth provided discovery to Appellee.

By letter dated January 24, 2022, Appellee's counsel advised the trial court that counsel would attend the February 4, 2022, pre-trial motion hearing; however, Appellee would be out-of-town attending a business venture.  By order entered on February 4, 2022, the trial court rescheduled

---

[1] The Information set forth the following charges: Count 1-driving while under the influence ("DUI"): controlled substance-impaired ability, 75 Pa.C.S.A. § 3802(d)(2); Count 2-DUI: controlled substance-schedule 1, 75 Pa.C.S.A. § 3802(d)(1)(i); Count 3- misbranding a controlled substance, 35 P.S. § 780-113(a)(2); Count 4, 5, 6, and 7-displaying improper lights, 75 Pa.C.S.A. § 4571(d); Count 8-careless driving, 75 Pa.C.S.A. § 3714(a); and Count 9-reckless driving, 75 Pa.C.S.A. § 3736(a).

the pre-trial motion hearing to March 28, 2022, to allow for Appellee to be present.

On February 14, 2022, the President Judge of Luzerne County filed an administrative order directing that the January 4, 2022, emergency order regarding the suspension of Pa.R.Crim.P. 600 would expire on February 27, 2022. Also, on February 14, 2022, the trial court *sua sponte* rescheduled Appellee's jury trial to April 18, 2022, so that the trial court could hear Appellee's pre-trial motion.

On March 11, 2022, the Commonwealth filed a motion seeking a continuance of the March 28, 2022, pre-trial motion hearing due to the unavailability of Officer Vaow, who had police training scheduled for the week. The Commonwealth noted defense counsel did not object to the continuance, and the Commonwealth requested the first available listing date. The pre-trial motion hearing was rescheduled to May 4, 2022. By order entered on March 29, 2022, the trial court *sua sponte* directed that Appellee's jury trial be removed from the April jury trial list pending resolution of Appellee's pre-trial motion.

On May 3, 2022, the Commonwealth filed a motion for a continuance of the May 4, 2022, pre-trial motion hearing. Specifically, the Commonwealth averred that, on May 2, 2022, Officer Vaow tested positive for COVID-19, and the officer was placed on quarantine leave by the Forty Fort Police Department. The trial court rescheduled the pre-trial motion hearing to June

7, 2022. However, the trial court then *sua sponte* rescheduled the pre-trial motion hearing to September 6, 2022, due to scheduling conflicts in the trial court's calendar.

On September 6, 2022, both parties appeared for the pre-trial motion hearing, and the trial court gave the parties fourteen days to submit briefs. On December 28, 2022, the trial court granted Appellee's motion to suppress physical evidence seized from the motor vehicle; granted Appellee's motion for discovery and inspection of photographs, the police body camera, and the police dashboard camera; granted Appellee's motion to dismiss Count 3 (misbranding a controlled substance); and denied Appellee's *omnibus* pre-trial motion in all other respects. The trial court scheduled Appellee's jury trial for March 13, 2023.

On January 11, 2023, the trial court *sua sponte* filed an order rescheduling Appellee's trial to March 27, 2023. The trial court noted that, given the nature of the charges, Appellee had no right to a jury trial, and, thus, the trial court scheduled a bench trial.

On March 23, 2023, the Commonwealth filed a motion seeking a continuance of the March 27, 2023, bench trial. Specifically, the Commonwealth averred its expert witness, Jolene Bierly, a forensic toxicologist employed by NMS Labs who prepared the toxicology report for Appellee's blood sample, would be unavailable to testify on March 27, 2023, due to "personal reasons." The Commonwealth requested the trial court relist

- 5 -

the bench trial at the trial court's earliest convenience. The trial court rescheduled the bench trial to June 12, 2023.

On May 26, 2023, the Commonwealth filed a motion requesting a continuance of the bench trial. The Commonwealth averred that NMS Labs informed the Commonwealth that a toxicology conference was scheduled for the week of June 12, 2023, and all forensic toxicologists, including Ms. Bierly, were scheduled to attend. Thus, Ms. Bierly was unavailable to testify on June 12, 2023. The Commonwealth requested the trial court relist the bench trial at the trial court's earliest convenience. The trial court rescheduled the bench trial to July 11, 2023. Subsequently, the trial court *sua sponte* rescheduled the bench trial to July 18, 2023, and then *sua sponte* rescheduled the bench trial to August 14, 2023.

On August 11, 2023, Appellee filed a motion seeking the dismissal of all outstanding charges. Specifically, Appellee averred that more than 365 days of non-excludable time had elapsed for purposes of Pa.R.Crim.P. 600(A), and the Commonwealth failed to exercise due diligence. Thus, Appellee sought the dismissal of all outstanding charges with prejudice pursuant to Rule 600. On September 6, 2023, the trial court held a hearing on Appellee's motion to dismiss.

At the hearing, Ms. Bierly confirmed she is a forensic toxicologist at NMS Labs, and on August 2, 2021, she prepared the toxicology report for the blood sample collected from Appellee. N.T., 9/6/23, at 6. Ms. Bierly testified that,

- 6 -

for the week of March 27, 2023, she was scheduled to testify under subpoena at various locations, including Houston, Texas, and West Chester, Pennsylvania. *Id.* at 7. For the week of June 12, 2023, she attended training held at NMS Labs, and she was a presenter at the training. *Id.* at 8. Ms. Bierly testified she was not available to testify in Luzerne County on March 27, 2023. *Id.*

On cross-examination, Ms. Bierly testified that the expert services department for her employer, NMS Labs, handles employees' calendars and communicates with district attorneys about when employees are available to testify. *Id.* at 9-10. She confirmed the expert services department reported to the Luzerne County District Attorney's Office that she was unavailable on March 27, 2023, for "personal reasons." *Id.* at 10. She noted that she was either previously scheduled to be off work on March 27, 2023, or she was already attached to testify under another subpoena. *Id.* She indicated that she could not attend trial on June 12, 2023, because this was her scheduled day off from work, and she was unavailable for trial for the remainder of that week because of the conference. *Id.* at 13.

On redirect-examination, Ms. Bierly testified she updates her schedule regularly with the expert services department, and any information provided by the expert services department to the District Attorney's Office on her behalf would have been accurate. *Id.* at 14. On recross-examination, Ms.

Bierly acknowledged that her scheduled day off from work is Monday, so she will generally be unavailable to testify in court on a Monday. *Id.* at 15.

Officer Vaow confirmed he was on patrol in Forty Fort on May 22, 2021, he stopped Appellee's vehicle, and he accompanied Appellee to the hospital where he gave a sample of blood. *Id.* at 16. NMS Labs issued a toxicology report for the blood sample on August 2, 2021. *Id.* at 17. Officer Vaow confirmed he was unavailable to appear in court on August 16, 2021, because his wife was in the hospital having her gallbladder removed, and he needed to be available for his two children. *Id.* at 18. He acknowledged he was unavailable to appear in court on March 28, 2022, because he had required crisis intervention training. *Id.* at 19.

Officer Vaow confirmed he was unavailable to testify during the week of May 4, 2022, because he tested positive for COVID-19. *Id.* The officer confirmed he was available to testify on June 7, 2022, and he had subpoenaed the tow truck driver for that day; however, the trial court rescheduled the pre-trial motion hearing *sua sponte*. *Id.* at 20. Officer Vaow indicated he appeared at the pre-trial motion hearing and testified on September 6, 2022. *Id.*

On cross-examination, Officer Vaow reiterated he did not receive the toxicology report from NMS Labs until August 2, 2021. *Id.* at 21. He acknowledged he did not call NMS Labs to see if the toxicology report could be available prior to June 15, 2021, as this is not "normal procedure." *Id.*

Officer Vaow confirmed he did not take steps to be available remotely when his wife was in the hospital, and he was caring for his children. *Id.* at 22.

Officer Vaow reiterated he had required police training on March 28, 2022, and he indicated it would not have been possible for him to testify remotely while also completing his training. *Id.* at 23. He indicated he had multiple symptoms when he had COVID-19, and he did not take steps to make himself available for a remote hearing during this time. *Id.* at 24.

By order entered on November 21, 2023, the trial court granted Appellee's motion to dismiss pursuant to Pa.R.Crim.P. 600 and dismissed the charges with prejudice. Specifically, the trial court concluded the Commonwealth was not duly diligent when it sought continuances for the March 27, 2023, and June 12, 2023, bench trial dates. The trial court further found the Commonwealth was not duly diligent in seeking a continuance of the first listed preliminary hearing date (June 15, 2021). The Commonwealth filed a timely notice of appeal, and all Pa.R.A.P. 1925 requirements have been met.

On appeal, the Commonwealth contends the trial court erred in granting Appellee's motion to dismiss pursuant to Pa.R.Crim.P. 600.

We generally review the trial court's disposition of a Rule 600 motion for an abuse of discretion. *Commonwealth v. Harth*, 666 Pa. 300, 252 A.3d 600, 614 n.13 (2021). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied,

or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will…discretion is abused." ***Commonwealth v. Burno***, 638 Pa. 264, 154 A.3d 764, 793 (2017) (citation omitted).

Rule 600 requires that trial "shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Known as the mechanical run date, that date may be extended under certain circumstances. ***Commonwealth v. Wendel***, 165 A.3d 952, 956-57 (Pa.Super. 2017). When a defendant seeks dismissal based on a violation of Rule 600, the court first establishes the mechanical run date, then determines whether any periods of delay are excludable and, if so, it extends the mechanical run date to account for the periods of excludable delay to, thus, arrive at the adjusted run date. Pa.R.Crim.P. 600(C). The Commonwealth must bring a defendant to trial by the adjusted run date. ***Commonwealth v. Roles***, 116 A.3d 122, 125 (Pa.Super. 2015).

"For purposes of [Rule 600(A)], periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

The Commonwealth must show due diligence by a preponderance of the evidence. ***See Commonwealth v. Selenski***, 606 Pa. 51, 994 A.2d 1083, 1089 (2010). "Due diligence is a fact-specific concept that must be determined

on a case-by-case basis.  Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." **Commonwealth v. Moore**, 214 A.3d 244, 249 (Pa.Super. 2019) (citation omitted).

Further, any period of delay at any stages of the proceedings resulting from either the unavailability of the defendant or the defendant's attorney or any continuance granted at the request of the defendant or his attorney, extends the adjusted run date to account for the period of delay. **Commonwealth v. Armstrong**, 74 A.3d 228, 237 (Pa.Super. 2013).

In addition, judicial delays, which are delays caused by the trial court's schedule, are excludable, and, thus, extend the adjusted run date. **Commonwealth v. Wiggins**, 248 A.3d 1285, 1289 (Pa.Super. 2021).  When judicial delay is at issue, however, the trial court must determine that the Commonwealth acted with "due diligence" in bringing the defendant to trial before extending the adjusted run date to account for the judicial delay. **Harth**, **supra**, 252 A.3d at 617-18.

Finally, delays caused by events out of the control of the Commonwealth are not generally attributable to the Commonwealth, and the trial court may extend the adjusted run date to account for delays arising from events outside of the control of the Commonwealth.  **Wiggins**, 248 A.3d at 1289.

In the case *sub judice*, the mechanical run date commenced on May 23, 2021, upon filing of the criminal complaint against Appellee, and the

mechanical run date expired 365 days later, on May 23, 2022. **See** Pa.R.Crim.P. 600(A)(2)(a). However, this does not end our inquiry as we must next examine periods of delay and determine the adjusted run date.

Initially, Appellee's preliminary hearing was scheduled for June 15, 2021; however, the Commonwealth requested a continuance because NMS Labs had not completed the toxicology report for Appellee's blood draw. The preliminary hearing was rescheduled for August 16, 2021. The trial court concluded this 62-day delay did not modify the mechanical run date.

Specifically, the trial court held the Commonwealth's request for a continuance due to the delay in receiving the outstanding toxicology report did not constitute excusable delay since the Commonwealth could have waited until after the toxicology report was received to file the criminal complaint. On appeal, the Commonwealth has neither challenged the trial court's ruling in this regard nor averred this delay modifies the mechanical run date. Accordingly, we decline to find that it does so.[2]

Thereafter, the preliminary hearing was rescheduled from August 16, 2021, to August 24, 2021, due to the unavailability of the affiant, Officer Vaow, whose wife was having surgery, thus leaving his children in his care. The trial court found this circumstance was beyond the Commonwealth's

---

[2] We note that, in requesting this continuance, there is no evidence of misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of Appellee. **See Commonwealth v. Corbin**, 568 A.2d 635 (Pa.Super. 1990).

control, and we find no error. **See Wiggins**, **supra**. Thus, the adjusted run date is extended by 8 days to May 31, 2022.

The next period of delay, from August 24, 2021, to September 10, 2021, resulted from Appellee's attorney's request for a continuance. The trial court found that, since the delay was attributable to Appellee, the adjusted run date would be extended to include this period of delay (17 days). We find no error, and, thus, the adjusted run date is extended to June 17, 2022. **Armstrong**, **supra**.

Thereafter, on December 15, 2021, Appellee filed an *omnibus* pre-trial motion, and the trial court scheduled a hearing on the motion for February 4, 2022. On January 24, 2022, Appellee's counsel advised the trial court that Appellee would be unable to attend the February 4, 2022, hearing, and thus, due to the unavailability of Appellee, the trial court rescheduled the pre-trial motion hearing to March 28, 2022.[3] The trial court found this period of delay, 103 days, was attributable to Appellee and extended the adjusted run date. We find no error, and the adjusted run date is extended to September 28, 2022.[4] **See Commonwealth v. Hill**, 558 Pa. 238, 735 A.2d 578 (1999)

_____

[3] Moreover, due to Appellee filing an *omnibus* pre-trial motion, the trial court rescheduled Appellee's jury trial to April 18, 2022, and then subsequently removed Appellee's case from the jury trial list pending resolution of Appellee's pre-trial motion.

[4] We note that, during this time, the President Judge of Luzerne County filed an administrative order on January 4, 2022, which expired on February 27,
*(Footnote Continued Next Page)*

(discussing when periods of delay resulting from the defense's filing of pre-trial motions extends the adjusted run date); ***Armstrong***, ***supra***.

The trial court determined the next periods of delay, from March 28, 2022, to May 4, 2022, and then from May 4, 2022, to June 7, 2022, resulted due to the unavailability of the affiant, Officer Vaow, for mandatory police training and then testing positive for COVID-19. The trial court found these circumstances were beyond the Commonwealth's control, and we find no error. ***See Wiggins***, ***supra***. Thus, the delay from March 28, 2022, to June 7, 2022, 71 days, extends the adjusted run date to December 8, 2022.

The next period of delay occurred from June 7, 2022, to September 6, 2022, when the trial court *sua sponte* rescheduled the *omnibus* pre-trial motion hearing due to conflicts with the court's calendar. There is no dispute the Commonwealth acted with "due diligence" and was ready to proceed during this time. Accordingly, the trial court found this period of delay, 91 days, extended the adjusted run date. We find no error. ***See Harth***, ***supra***; ***Wiggins***, ***supra***. Thus, the adjusted run date is extended to March 9, 2023.

The parties appeared for the September 6, 2022, pre-trial motion hearing, and on December 28, 2022, the trial court rendered a decision on the

---

2022, indicating that the operation of Rule 600 would be suspended due to the COVID-19 pandemic. The trial court concluded that this delay (54 days) was already accounted for by the delay in trial resulting from the defense's filing of the pre-trial *omnibus* motion, as well as the defendant's unavailability for the first listed pre-trial motion hearing on February 4, 2022. On appeal, the parties do not dispute the trial court's reasoning in this regard.

- 14 -

pre-trial motion, as well as set March 13, 2023, as the date for Appellee's jury trial. The trial court found this delay of 113 days attributable to the litigation and consideration of Appellee's *omnibus* pre-trial motion, which in turn delayed trial, and, thus, extended the adjusted run date. We find no error. **See Hill**, **supra**. Accordingly, the adjusted run date is extended to June 30, 2023.[5]

Thereafter, Appellee's bench trial was scheduled for March 27, 2023, and on March 23, 2023, the Commonwealth sought a continuance due to the unavailability of its expert witness, Ms. Bierly, the forensic toxicologist who prepared the toxicology report for Appellee's blood sample. The Commonwealth advised the trial court that Ms. Bierly was unavailable for personal reasons, and the Commonwealth specifically asked the trial court to relist the bench trial at the trial court's earliest convenience. The trial court granted the continuance and rescheduled the bench trial for June 12, 2023.

The trial court held that this period of delay from March 27, 2023, to June 12, 2023, (77 days) did not extend the adjusted run date because the Commonwealth was not duly diligent in securing Ms. Bierly's attendance at the March 27, 2023, trial. The Commonwealth specifically contends the trial

---

[5] We note that, on January 11, 2023, the trial court *sua sponte* rescheduled Appellee's jury trial from March 13, 2023, to March 27, 2023. Further, the trial court indicated the jury trial would be a bench trial. Arguably, these 14 days of delay would extend the adjusted run date; however, the Commonwealth raised no issue with regard thereto on appeal.

court abused its discretion in this regard since there is no dispute that the Commonwealth contacted Ms. Bierly's employer prior to trial, Ms. Bierly was unavailable to appear in Luzerne County on March 27, 2023, and her unavailability was beyond the Commonwealth's control. We agree with the Commonwealth.

It is well-settled that "[t]he Commonwealth cannot be held to be acting without due diligence when a witness becomes unavailable due to circumstances beyond its control." **Commonwealth v. Hyland**, 875 A.2d 1175, 1191 (Pa.Super. 2005). Here, the trial court suggests that "unavailability" requires something more than a witness being unavailable for "personal reasons." **See** Trial Court Opinion, filed 11/21/23, at 4 (noting this case "is not, for example, a case where a material witness (affiant) was unavailable due to a military deployment") (citation omitted)). However, this Court has held that when a necessary witness is unavailable because of vacation, or some other reason beyond the Commonwealth's control, the extension of the adjusted run date is warranted. **See Commonwealth v. Hollingsworth**, 499 A.2d 381 (Pa.Super. 1985) (*en banc*). We conclude the same reasoning applies to Ms. Bierly's unavailability due to personal reasons in the case *sub judice*.[6]

---

[6] As indicated *supra*, Ms.Bierly testified that her "personal reasons" included that she was scheduled to be off work on Monday, March 27, 2023, and/or she was already under subpoena to testify in another matter on that date.

- 16 -

Accordingly, we conclude the Commonwealth demonstrated that it put forth reasonable efforts to secure Ms. Bierly's attendance for the March 27, 2023, trial, and her unavailability for personal reasons was beyond the Commonwealth's control. **See Wiggins**, **supra**. Thus, the adjusted run date is September 15, 2023.

Moreover, we note that, on May 26, 2023, the Commonwealth sought a continuance of the June 12, 2023, trial. Specifically, the Commonwealth averred that Ms. Bierly's employer informed the Commonwealth that Ms. Bierly was unavailable on June 12, 2023, because she would be attending a conference. The Commonwealth specifically asked the trial court to relist the trial at the trial court's earliest convenience, and Appellee's trial was set for July 11, 2023.

The trial court held that this delay (29 days) did not extend the adjusted run date because the Commonwealth was not duly diligent in securing Ms. Bierly's attendance for the June 12, 2023, trial. The trial court found the Commonwealth's efforts were "token, meager effort[s]." Trial Court Opinion, filed 11/21/23, at 4. The Commonwealth contends the trial court abused its discretion.

We agree with the Commonwealth and conclude the trial court erred in failing to extend the adjusted run date. Simply put, the Commonwealth made reasonable efforts to secure Ms. Bierly's attendance for the June 12, 2023, trial, and Ms. Bierly, who attended and presented at a training work event,

was unavailable due to circumstances beyond the Commonwealth's control. ***Wiggins***, ***supra***. Thus, the adjusted run date is October 16, 2023.[7, 8]

Here, in light of our reasoning *supra*, the adjusted run date is October 16, 2023. Appellee filed his motion to dismiss pursuant to Rule 600 on August 11, 2023. Consequently, we hold the Rule 600 motion was premature, and the trial court erred in granting it. ***Commonwealth v. Malone***, 294 A.3d 1247, 1251 (Pa.Super. 2023). Thus, we reverse the trial court's November 21, 2023, order and remand for reinstatement of the charges that were dismissed pursuant to the order.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

_____

[7] The 29th day fell on Saturday, October 14, 2023; however, it is well-settled that "[w]henever the last day of any such period (of time referred to in a statute) shall fall on a Saturday or Sunday, or any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. ***See*** Pa.R.Crim.P. 600, cmt. ("When calculating the number of days set forth herein, see the Statutory Construction Act, 1 Pa.C.S.A. § 1908."). Thus, the adjusted run date is extended to Monday, October 16, 2023.

[8] We note that, after the trial court relisted Appellee's trial for July 11, 2023, the trial court *sua sponte* rescheduled the bench trial to July 18, 2023, and then to August 14, 2023. The Commonwealth has raised no issue as to whether these periods of delay extend the adjusted run date, and, thus, we decline to address the matter further.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/31/2024